MORRIS STEINBOCK, Respondent, v. GEORGE A. EVANS et al., Appellants.

Notwithstanding the provision of the Code of Civil Procedure (§ 549), specifying the cases in which an order of arrest may be issued, and what is necessary for plaintiff to prove in an action wherein such an order has been issued to entitle him to recover judgment, the defendant may

consent in writing to the entry of judgment against him, which will authorize an execution against his person, and, if entered in good faith and without collusion, it will be sufficient to sustain a recovery against sureties on an undertaking given, as prescribed by said Code (§ 575), before judgment, to procure his discharge from arrest.

The mere postponement of one of the ordinary proceedings in a case in which such an undertaking has been given does not release the sureties.

In an action to recover money loaned, the complaint alleged that the loan was obtained by false and fraudulent pretenses. An order of arrest was issued; defendant was arrested and on giving an undertaking as prescribed was discharged; he answered, denying the alleged false pretenses. Thereafter the parties entered into a written stipulation, by which defendant withdrew his answer; plaintiff agreeing not to enter judgment before a day specified, and in case defendant paid the debt in installments as stated, then that the action should be discontinued. In case defendant made default and plaintiff entered judgment, it was stipulated that he should have the same right to enforce the judgment as if it had been entered on a verdict in plaintiff's favor. The stipulation contained a clause to the effect that while defendant recognizes his full liability for the debt, he "disclaims any admission of the truth of the allegations of fraud," and enters into the stipulation solely to provide security for the payment as stipulated, and to provide a remedy in case of default. Subsequently defendant, by another stipulation, waived notice of application for judgment, and consented that judgment might be entered for the amount demanded in the complaint. Both stipulations were entered into without the knowledge of defendant's sureties. Judgment was entered upon the stipulations. In an action upon the undertaking, *held*, that the first stipulation did not amount to a waiver of the charge of fraud, and that the sureties were not discharged by the stipulation to delay entry of judgment.

The judgment in the action in which the order of arrest was issued was for $6,853.49. The penalty in the undertaking was in the sum of $2,500. *Held*, that plaintiff was entitled to recover the penalty with interest from the time defendants made default in the performance of the condition. (Code Civ. Pro. § 1915.)

Reported below, 23 J. & S. 278.


(Argued October 27, 1890; decided December 2, 1890.)


APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made January 3, 1888, which affirmed a judgment in favor of plaintiff entered upon a decision of the court on trial without a jury.

This action was brought upon an undertaking given as bail to discharge one Charles W. Rogers from arrest in an action brought against him by plaintiff herein.

The material facts are stated in the opinion.

*Nelson S. Spencer* for appellants.   The plaintiff failed to prove the fraud alleged in the complaint in the action against Rogers, and consequently acquired no right to issue execution against Rogers' person, and the liability of his bail has not accrued.   The execution against the person was void.   (Code Civ. Pro. §§ 549, 575 ; *Post* v. *Doremus*, 60 N. Y. 371 ; *Mittnacht* v. *Kellerman*, 105 id. 467, 468 ; *Carr* v. *Sterling*, 114 id. 558, 562 ; 1 Greenl. on Ev. § 1 ; *Conner* v. *Reeves*, 103 N. Y. 527, 532.)   The plaintiff, by making the stipulation with Rogers, expressly waived his charges of fraud, and consequently released the bail.   (*Reese* v. *United States*, 9 Wall. 13 ; *Toles* v. *Adee*, 84 N. Y. 222, 239 ; *Paine* v. *Jones*, 76 id. 274, 278.)   The plaintiff extended the time within which Rogers' debt could be collected and thereby released the sureties.   (*Bower* v. *Tiermann*, 3 Den. 378 ; *Ross* v. *Ferris*, 18 Hun, 210 ; *Rathbone* v. *Warren*, 10 Johns. 587 ; *Ducker* v. *Rapp*, 67 N. Y. 464 ; 2 Ves., Jr., 542 ; *Kendal* v. *Grice*, 1 Mackey, 279 ; *Rees* v. *Berrington*, 2 Ves. 540, 543 ; *Toles* v. *Adee*, 84 N. Y. 222.)   The plaintiff failed to allege or show any damages by reason of Rogers' default.   (Code Civ. Pro. § 1915 ; *Beers* v. *Shannon*, 73 N. Y. 292, 300 ; *Dale* v. *Moulton*, 2 Johns. Cas. 205.)   The judgment included $150 interest on the penal sum of the bond.   The recovery of interest is prohibited by statute.   (Code Civ. Pro. § 1915.)

*James A. Patrick* for respondent.   The defendants in this action cannot set up or avail themselves of any objection to the judgment in Steinback against Rogers, its manner of entry, or question the right to personal execution.   These objections are personal to the defendant and cannot be raised by his bail when they are sued upon the bond given by them.   (*Bensel* v. *Lynch*, 44 N. Y. 162 ; *Jewett* v. *Crane*, 35 Barb. 208 ;

*Gregory* v. *Levy*, 12 id. 610 ; *Crowell* v. *Brown*, 17 How. Pr. 68 ; *How* v. *Frear*, 21 id. 343 ; *Lovee* v. *Carpenter*, 3 Abb. Pr. [N. S.] 309 ; 30 N. Y. 581 ; 6 id. 561 ; 28 id. 318.) The position taken by the appellant, that by reason of the fact that time in which to pay the claim was given by the stipulation withdrawing answer, the bail are released from their obligation, is untenable. (*Toles* v. *Adee*, 84 N. Y. 222 ; *Emery* v. *Baltz*, 94 id. 40 ; *Warner* v. *Beardsley*, 8 Wend. 194 ; *Thompson* v. *Hall*, 45 Barb. 214 ; *Singer* v. *Troutman*, 49 id. 182 ; *Herrick* v. *Borst*, 4 Hill, 650 ; *King* v. *Baldwin*, 17 Johns. 384 ; *Fulton* v. *Matthews*, 15 id. 432 ; *Hubbell* v. *Carpenter*, 5 N. Y. 177 ; *Field* v. *Cutler*, 4 Lans. 195.)

FOLLETT, Ch. J.  January 22, 1885, Morris Steinbôck brought an action against Charles W. Rogers in the Superior Court of the city of New York, and alleged in his complaint that the defendant on the 7th day of April, 1884, by false and fraudulent pretenses obtained six thousand dollars from the plaintiff and had paid no part thereof.  January twenty-third, the defendant was arrested and held to bail in the sum of $2,500 pursuant to title one, chapter seven of the Code of Civil Procedure, and on the same day the defendant in that action and the appellants in this, undertook "jointly and severally in the sum of two thousand five hundred dollars, that the above named defendant arrested as aforesaid, shall at all times render himself amenable to any mandate which may be issued to enforce a final judgment against him in the action," pursuant to the third subdivison of section 575 of the Code of Civil Procedure.  March 7, 1885, the defendant answered admitting that he with another borrowed the money, but denied that it was obtained under false pretenses.  The issues so joined were called for trial March 8, 1886, when the parties to the action entered into a written stipulation by which the defendant withdrew his answer, and the plaintiff stipulated not to enter judgment before March 29, 1886, and if before that date the defendant should pay the plaintiff $3,000, then judgment was not to be entered before July 1, 1886, and if prior to the last-

mentioned date the defendant should pay the remainder due to the plaintiff with interest and costs, that the action was to be discontinued. The stipulation contained the following provisions: "In case the plaintiff shall enter judgment herein upon the defaults in either of the payments above provided he shall have the same right to enforce said judgment so entered by execution as he could have had had such judgment been entered on a verdict of a jury in favor of the plaintiff in this action."

"The defendant recognizes by this stipulation his full liability to the plaintiff upon the said note, but hereby disclaims any admission of the truth of the allegations of fraud in the complaint contained, and enters into this stipulation solely as a means of providing security for the payment provided for, and providing a remedy in case of a default in the said payments."

This stipulation was made without the knowledge of the appellants in this action and they never learned of it until this suit was begun.

March 26, 1886, this stipulation was given without the knowledge of the appellants:

"Notice of application for judgment is hereby waived. It is consented that the clerk enter judgment for the amount demanded in the complaint and costs. Dated New York, March 26, 1886. Eaton & Lewis, attorneys for defendant."

On the 7th day of April, 1886, a final judgment was entered in the action against Rogers for $6,853.49 on the pleadings and the two stipulations, and on the next day an execution against the property of the defendant was issued. On the fifth of June following it was returned unsatisfied, and on the eleventh of June an execution was issued on the judgment to the sheriff of the city and county of New York, who on the thirtieth day of that month returned it, that the defendant in the action could not be found in his county. On the 14th of July, 1886, this action was brought upon the undertaking, which resulted in a judgment in the sum of $2,500 with interest from June 30, 1886, which was affirmed by the General Term.

The appellants insist that they are not liable on this undertaking, because the liability of their principal was not established by common-law evidence.

In *Conner* v. *Reeves* (103 N. Y. 527) an execution had been issued to Connor, then the sheriff of New York, and a bond of indemnity was executed by the plaintiff in the execution and two sureties conditioned to save harmless the sheriff from all liability or judgments that might be recovered against him by reason of selling certain chattels by virtue of the execution. Subsequently the sheriff sold pursuant to his execution, and thereafter a judgment was recovered against him by one Kahrs who established that he, and not the defendant in the execution was the owner of the property sold. The judgment against the sheriff was not the result of a trial of the action, but was entered upon the consent of the counsel for the respective parties in that action by which it was agreed that the plaintiff should have a judgment for $400 damages and $100 costs. Subsequently the sheriff brought an action on his bond of indemnity, and the defendants interposed the defense that they were not liable, because the liability of the sheriff was not established by a trial, but it was held that in the absence of evidence of collusion on the part of the sheriff that a judgment by his consent was as binding upon the sureties in the undertaking as though it had been recovered in a contest. This brings us to the consideration of whether the first stipulation by its terms waives the plaintiff's charges of fraud against the defendant, and we think it is not subject to any such interpretation. The answer was withdrawn, but it was not stipulated that the charges of fraud were to be withdrawn, and that only a judgment upon contract was to be entered. The defendant merely asserted in the stipulation that he did not admit his liability in fraud, but it was quite immaterial whether he did or not, having withdrawn his answer and authorized in writing the entry of judgment. We do not think that a mere postponement of one of the ordinary proceedings in a case in which an undertaking has been given releases the sureties from liability. The rule

contended for by the appellants would lead to the discharge of sureties on undertakings and legal proceedings in nearly all cases where a postponement of the day of judgment was had by consent of the parties to the action. The extension in this case was not at all like an agreement not to issue an execution for a definite period upon a judgment rendered. Notwithstanding section 549 of the Code of Civil Procedure a defendant may consent in writing to the entry of a judgment against him which will authorize an execution against his person, and if entered in good faith and without collusion, it will be sufficient to sustain a recovery against sureties on an undertaking given before judgment to procure the defendant's discharge from an arrest under an order issued in the action.

Under section 1,915 of the Code of Civil Procedure the plaintiff was entitled to recover the penalty of the bond " with interest thereupon from the time when the defendant made default in the performance of the condition," which was June 30, 1886, the date when the execution against the defendant's body was returned unsatisfied.

The judgment should be affirmed with costs.

All concur.

Judgment affirmed.