FOO LONG, Respondent, v. THE AMERICAN SURETY COMPANY, Appellant.

61 595
76 266

*Surety — undertaking on appeal — judgment of affirmance entered on a stipulation — proof of collusion and fraudulent intent.*

A money judgment having been recovered in June, 1888, by Foo Long against one Chu Fong, an appeal was taken therefrom to the General Term, upon which an undertaking was given to stay execution, signed by a surety company. At General Term the judgment was reversed and a new trial was ordered, and in September, 1889, Foo Long appealed from such judgment of reversal to the Court of Appeals.

While the appeal was pending in that court the parties thereto entered into a stipulation, that a judgment be entered reversing the judgment at General Term, and affirming absolutely the judgment at circuit. Acting, wholly, upon which stipulation the Court of Appeals, in January, 1891, gave judgment in accordance therewith.

In an action subsequently brought against the surety company to recover the amount of the judgment under its undertaking, the company defended upon the ground that the stipulation was collusive and fraudulent; and upon the question of the insolvency of Chu Fong it offered to show that several judgments had been recovered against him by other parties in the spring and summer of 1890.

*Held,* that the rejection of this evidence was error.

That such evidence was competent, under the circumstances of this case, upon the question whether the stipulation had not been entered into as a fraudulent device to force the surety company to pay the judgment.

Appeal by the defendant, the American Surety Company, from a judgment, entered in the office of the clerk of the city and county of New York on the 8th day of June, 1891, upon a verdict for the plaintiff for $4,465.97, after a trial at the New York Circuit before the court and a jury.

*Arnold & Greene,* for the appellant.

*Joseph N. Tuttle,* for the respondent.

Daniels, J.:

The plaintiff Foo Long recovered a judgment against Chu Fong on a trial at the circuit on the 28th of June, 1888, for the sum of $3,798.99. An appeal was taken from this judgment to the General Term, and on the appeal the defendant in this action became the surety for the defendant in the judgment recovered at the circuit.

The undertaking subscribed by the defendant in this action was in the form prescribed by the Code, by which it undertook and agreed that the appellant will pay all costs and damages which may be awarded against him on the appeal, not exceeding five hundred dollars, and also if the judgment appealed from, or any part thereof, should be affirmed, or the appeal be dismissed, the appellant would pay the sum directed to be paid by the judgment or the part thereof as to which the judgment should be affirmed. After the hearing at the General Term, that court by its decision reversed the judgment recovered by the plaintiff at the circuit and ordered a new trial, with costs to the appellant in that action to abide the event. The order containing these directions was entered on the 9th of July, 1889, and in September following the plaintiff appealed to the Court of Appeals and a return was made to that court and the appeal noticed for argument and placed upon the calendar, but before it was reached a stipulation was made between the parties to that action and their attorneys, by which it was consented that a judgment should be entered reversing the judgment of the General Term and affirming absolutely the judgment of the circuit. This consent was brought to the attention of the Court of Appeals, and on the 12th of January, 1891, that court, on reading and filing the stipulation, adjudged that the judgment of the General Term of the Supreme Court should be and the same was reversed, and the judgment of the court upon the verdict at the circuit should be and the same was affirmed absolutely. The remittitur of the Court of Appeals was transmitted to the Supreme Court, where judgment was entered pursuant to these directions of the Court of Appeals. And, after delaying further proceedings for the time required by the Code of Civil Procedure, this action was brought against the defendant upon the undertaking given on the appeal to the General Term. The defendant resisted its liability on the ground, among others, that the agreement resulting in the judgment or order of the Court of Appeals, and followed by the judgment of the Supreme Court thereon, was fraudulent and collusive, and entered into with a design of wrongfully enforcing the undertaking on appeal against this defendant.

Upon the trial of the issues framed in this action, at the circuit, these facts were all made to appear, and the defendant further pro-

posed to prove that other judgments had been recovered before this stipulation was made against Chu Fong, the defendant in the original action. The first of the judgments offered in evidence was recovered by Seth R. Johnson against Chu Fong and others, on the 9th of April, 1890, for the sum of $2,448.72. The second was recovered by Isaac Levy against Chu Fong and another, on the 23d of June, 1890, for the sum of $2,890.89; and a third judgment was recovered by confession, on the 12th of July, 1890, for the sum of $3,000. These three judgments were recovered after the recovery of the judgment against Chu Fong, at the circuit, and before the making of the stipulation for the reversal of the judgment of the General Term, and the affirmance of the judgment recovered at the circuit by the plaintiff against Chu Fong.

Proof of these judgments was objected to by the plaintiff's counsel as immaterial and incompetent, and the court sustained the objection, to which decision defendant's counsel excepted. At the close of the evidence in the case the defendant's counsel requested the court to direct a verdict in its favor. That was refused and the defendant then excepted. A further request was then made for leave to submit the case to the jury on the question of fraud and collusion. That was denied and the defendant's counsel excepted, and the court then directed a verdict in favor of the plaintiff for the sum of $4,465.97, and to that an exception was taken by the defendant; and the disposition of the appeal depends upon the correctness of these rulings by which the proof of the judgments was excluded, and the action was finally disposed of by the court.

By the terms of the undertaking the defendant became bound to pay the judgment recovered, as well as the costs, if that recovery was not brought about by the fraudulent action of the parties to the appeal in the Court of Appeals. If, as a matter of law, the decision of the General Term, reversing the judgment recovered at the circuit, could not be sustained, then the defendant was concluded by the stipulation entered into between the parties and their attorneys, and the judgment finally entered pursuant to that authority. But it had the right to resist this liability on the ground alleged in the answer that the agreement and the proceedings following it resulting in the judgment were fraudulent and collusive.

The burden of establishing this theory of the case rested upon the defendant, and the facts, as they were disclosed, were claimed in its behalf sufficiently to maintain this theory to entitle it to have the question submitted to the jury. The case contains the evidence taken at the trial in the original action, together with the decision and opinion of the General Term, and from the decision which was there made and the opinion previously given it appears that the judgment at the circuit was reversed, because of improper rulings contained in the charge, which was delivered to the jury. The presumption is that this decision was supported by the facts appearing before the court, and that presumption was not overcome by the proceedings afterwards taken in the Court of Appeals, for that court made no examination whatever into the merits of the appeal or the decision made by the General Term. But the directions which were given by that tribunal were wholly founded upon the stipulations or agreement of the parties and their attorneys. No adjudication, therefore, was, in fact, made by which this presumption of the correctness of the determination of the General Term was in the least affected or diminished in force, but the parties and their attorneys, with that presumption existing as to the accuracy of the decision of the General Term, entered into the agreement to set aside that decision and to restore the judgment on the verdict which had been reversed by it. The case in this respect accordingly differs from those in which the point has arisen, whether the surety in an undertaking or bond would become liable for the payment of a judgment entered by the consent of the parties to the litigation. Where no adverse decision has been previously made, there it has been held that the parties may in good faith agree upon a recovery which will be binding upon the surety in the bond or undertaking affected by it. That was the condition of the case in *Conner* v. *Reeves* (35 Hun, 507, which was affirmed in 103 N. Y., 527), and the facts also were similar in *Steinbock* v. *Evans* (122 id., 551). In the case of *Tracy* v. *Maloney* (105 Mass., 90) the judgment was recovered by default, and appears to have been free from the imputation of collusion or fraud ; and the judgment was equally free from suspicion in *Cutter* v. *Evans* (115 Mass., 27), in both of which cases it was held that the surety in the bond had become liable by reason of the non-payment of these judgments by the principal. A similar ruling

controlled the case of *Ammons* v. *Whitehead* (31 Miss., 99, 104). There the action was compromised by the principal before a trial had been had in the Circuit Court, in which a new trial was to take place. In *Bailey* v. *Rosenthal* (56 Mo., 385) a nonsuit was set aside, and the plaintiff finally had judgment in his favor, while in *Chase* v. *Beraud* (29 Cal., 138) the appeal had been dismissed by consent of the attorneys for the appellant. And, as there appeared to be no fraud in the case, the judgment was held to be binding against the sureties in the undertaking on the appeal. These cases, as well as those decided in this State, all differ in their facts from the present controversy. There was no evidence presented in either of them which directly tended to maintain the fact to be that the consent entered into, and the judgment recovered upon it, were in any respect collusive or fraudulent. Neither had there been an adjudication by the court, as there was in this instance, that a preceding judgment or decision should be set aside and a judgment had been entered directly in conflict with such decision. These are important facts, distinguishing this case from all the others which have been referred to. Here the court, on the argument of an appeal, deliberately decided that the judgment which had been recovered, and from which the appeal had been taken was erroneous, and should be reversed and a new trial of the issue should take place ; and, as has already been stated, the presumption is that this decision of the General Term was strictly accurate, and when the parties agree, as they did, to set it aside, and to an affirmance of the judgment recovered on the verdict, their acts afforded some grounds, certainly, for the belief that they intended a fraud upon the surety in the undertaking on the appeal. At that time, it appears from the offer to give in evidence the three judgments recovered against Chu Fong, that he probably was insolvent and could not, therefore, by legal proceedings, be compelled to pay the judgment which had been recovered by the plaintiff against him. This fact would have been fairly established, certainly so far as to render it proper for the consideration of the jury, if the judgments had been received in evidence, and they were material evidence so far as they had a tendency to prove this to be the financial condition of Chu Fong. And if they had been received in evidence, then the case would appear to be proper for its submission to the jury upon the issue affirming that

collusion and fraud had intervened and produced the consent which was entered into and the proceedings following it. It is so remarkable and unusual for a person to surrender an advantage secured by a favorable decision of an appellate tribunal, that this fact of itself creates the suspicion that there was some motive operating, or some object to be thereby attained, not entirely consistent with good faith or fair dealing. That was the situation of this defendant, Chu Fong. He had a decision in his favor. Upon a further trial he might, under its weight and effect, be relieved entirely from liability; and yet this advantage was apparently surrendered for no consideration, and the judgment in conflict with the decision allowed to be restored, as it had been entered against himself. And it was a fair matter of argument, if these judgments had been read in evidence, that the object intended to be attained was to fix the liability of the defendant upon the undertaking, by which it should be obliged to pay the plaintiff the amount of his judgment.

The exception taken to the exclusion of the judgments as evidence seems to be well founded, and so does that to the direction of a verdict and the refusal of the court to submit the question of fraud and collusion to the jury. Those charges ordinarily depend upon indirect proof to maintain them. It is not to be expected that the parties to a fraudulent transaction will themselves confess the accomplishment of that end to have been their object. But when an issue of this description arises in the course of a legal controversy, circumstances are usually the most persuasive evidence attainable to maintain it. Such circumstances appeared in this case, and instead of a verdict being directed against the defendant the issue should have been submitted to the jury.

The judgment should, therefore, be reversed and a new trial ordered, with costs to the defendant to abide the result.

VAN BRUNT, P. J., and INGRAHAM, J., concurred.

Judgment reversed and new trial ordered, with costs to the defendant to abide the result.