SCHULER v. ROBERTS et al.

(Supreme Court, General Term, First Department.   November 18, 1892.)

1. TRESPASS—WRONGFUL LEVY—EVIDENCE.
   In an action of trespass plaintiff testified that a member of defendant firm came to her bakery shop and requested her to pay a judgment held by his firm against her husband, threatening to ruin her business if she refused; that she did refuse, and on the same day a deputy sheriff closed her shop under an execution on the judgment.   And it appeared that another deputy admitted that the sheriff had indemnifying bonds for the proposed levy.   There was evidence that after the levy defendant firm acquiesced in it, and sought through it to force plaintiff to pay the judgment.   *Held*, that a motion to dismiss the complaint as to defendant firm for want of evidence to connect them with the levy,.and because .they were not bound by the deputy's admission that the sheriff had obtained indemnifying bonds, was properly denied.

2. SAME.
   It was proper to allow an answer to a question to the deputy who made the levy as to the directions given him by the attorneys of ᵈdefendant firm, after evidence had been given of the firm's acquiescence in the levy, and attempt to compel payment by means of it.

3. SAME.
   The fact that the direction to levy was given, not by the attorneys of defendant firm, but by a lawyer in the employ of the attorneys who had had charge of previous supplementary proceedings against the husband, was not ground for striking out the deputy sheriff's testimony as to his directions, since the evidence already given tended to show defendant firm's connection with the levy.

4. SAME—DIRECTING VERDICT.
   A motion that the court direct a verdict in favor of defendant firm was properly overruled where the evidence was conflicting as to their connection with the levy.

5. SAME—EXEMPLARY DAMAGES.
   Where, if plaintiff's evidence is to be believed, defendants endeavored, by a wrongful levy on her property of an execution against her husband, to extort money from her and break up her business, a verdict in plaintiff's favor for exemplary damages will not be disturbed if no evidence of passion, anger, or malice appear in the verdict.

Appeal from circuit court, New York county.

Action by Marie Schuler against George H. Roberts and N. Park Collin and John J. Gorman, sheriff of the city and county of New York, for trespass committed in entering on plaintiff's premises and levying execution on her property, under a judgment in favor of the firm of Roberts & Collin, against her husband.   From a judgment for plaintiff, entered on a verdict, and an order denying a new trial, defendants Roberts & Collin appeal.   Affirmed.

The testimony for plaintiff was that on January 28, 1891, Roberts. of the firm of Roberts & Collin, came to her place of business and demanded of her the amount of the judgment which the firm had against her husband, telling her at the same time that if she did not pay at least part of it, or give him a mortgage on her premises, he would ruin her business, which was that of a baker; that she refused to pay it; and on the same day execution issued, and a man whom a witness testified to be a deputy sheriff, though he did not know his name, came and closed plaintiff's place of business.   This witness also testified that another deputy sheriff said they (the officers) had bonds indemnifying them for the proposed levy.   The deputy sheriff testified. over the objection of defendant's counsel, that he levied the execution and closed the shop by the direction of a lawyer in the employ of defendants' counsel.

Argued before VAN BRUNT, P. J., and O'BRIEN and LAWRENCE, JJ.

Campbell & Murphy, (James Flynn, of counsel,) for appellants.

Jacob Fromme, for respondent.

LAWRENCE, J. There was no exception taken to the charge of the learned justice who presided at the circuit at which this cause was tried, and the law was correctly stated by him to the jury. There was a plain and palpable conflict between the evidence given on the part of the plaintiff and defendants in respect to the interview between the plaintiff and the defendant Roberts on the 28th of January, 1891, and as to the interview between her and defendant Collin and the witness Keck on the 29th of January, 1891, after the levy had been made and the store closed. The jury were judges of the credibility of the witnesses, and, having found for the plaintiff, their verdict cannot be disturbed unless it is apparent that some error was committed in the rulings of the court in the reception or conclusion of evidence, or that the verdict is so excessive as to show that it was the result of passion, malice, or prejudice on the part of the jury. The exception to the refusal of the court to dismiss the complaint at the close of the plaintiff's case is not well taken. The court could not assume as matter of law upon the evidence then before it that the plaintiff's statements were untrue, nor dismiss the complaint on the ground that there was no evidence to connect the defendants Roberts & Collin with the deputy sheriff; nor that they were not bound by the deputy's admission that the sheriff had obtained bonds indemnifying him in making the levy. The motion was therefore properly denied. The exception to the ruling of the court, permitting an answer to the question put to the deputy sheriff in regard to the direction given to him by the plaintiff's attorneys to make the levy, is also unavailing. The question was proper for the purpose of showing how the levy came to be made; and even if the defendants could not be held liable, as the learned justice charged, for any wrong committed by their attorneys without their knowledge or acquiescence, the question was proper, in view of the evidence already in the case tending to show that the defendants, after learning of the levy, had acquiesced in it, and sought to compel payment by the plaintiff of her husband's debt through its instrumentality. When it appeared that the direction to the sheriff was not given by the attorneys, but by Mr. Hallen, a lawyer who was in their employ, it was not error to refuse to strike the testimony out on the ground that Hallen's authority was not shown. Hallen had had charge of the supplementary proceedings under which the plaintiff had been examined as a witness, and there was nothing to justify the assertion that the plaintiff's attorneys did not authorize and sanction his proceedings. The evidence already given certainly tended to show that the execution had been issued at the instigation of the defendant. It was a circumstance from which the jury could fairly infer that the execution was issued by the direction of the sheriff; that the levy was made after Roberts had had the interview with the plaintiff at the store, and on the same day. The defendant Collin, at the interview on the 29th of January, 1891, the next day,

saw that the store was locked up; and, as the case stood on the plaintiff's testimony, he had not in any manner disavowed the levy. On the contrary, the plaintiff had testified that he requested her to sign a paper, and stated that if she would do so he would within an hour open her place of business, and that she could then go on with the business. After that, as the plaintiff testified, Keck, the defendants' salesman, who had accompanied Collin, was at the store between January 29th and February 2d, and nothing was done towards opening the store until the 2d of February. It is clear, then, that, if the plaintiff's testimony is to be believed, the defendant Collin had had personal notice of the locking up of the store, under some process in the defendants' favor, as early as January 29, 1891; that he did not disavow it; and it might clearly have been inferred that the process was issued by the direction of himself and his partner. Foo Long v. Surety Co., (Sup.) 16 N. Y. Supp. 424; Duke of Brunswick v. Slowman, 8 Man. G. & S. 317. At the close of the case the defendants' counsel moved for a direction of a verdict in favor of the defendants Roberts & Collin, and upon the denial of the motion excepted. He also moved to dismiss the complaint as to those defendants, which motion was refused, and he excepted. In these rulings we find no error. The case made by the plaintiff and her witnesses had been contradicted by the defendants and their witnesses, but the court could not usurp the functions of the jury and dispose of the case in the defendants' favor. It adopted the proper course, and submitted the case to the jury, under a charge in which no error was complained of and to which no exception was taken. The verdict which the jury rendered was one which it was competent for them to give. If the plaintiff and her witnesses were worthy of belief, she had been the victim of a gross wrong, instigated by the defendants Roberts & Collin. And the case was one in which the jury were not limited to awarding merely compensatory damages. In the exercise of their power, under the well-established rules of law, they have awarded to the plaintiff vindictive damages; and as there is no evidence of passion, anger, or malice apparent in their verdict, which, under equally well-established rules, permits us to overthrow it, we are of the opinion that the judgment below was correct, and must affirm both it and the order appealed from, with costs and disbursements. All concur.