FOO LONG, Appellant, *v.* THE AMERICAN SURETY COMPANY, Respondent.

*Surety on an undertaking — effect as against him of a decision made upon a stipulation.*

The presumption is that a decision of the General Term is supported by the fact appearing before it, and that presumption is not overcome where the Court of Appeals made no examination into the merits of the controversy, and the directions given by it were wholly founded upon a stipulation of the parties; the only way in which the reversal of a judgment by a General Term can be disposed of so as to bind a surety upon an undertaking to the General Term upon appeal, is by an actual adjudication of the Court of Appeals upon the question involved.

A decision of the General Term is the law of the case in which it is made until it is reversed by the Court of Appeals, and where such reversal is made by consent, nobody is bound thereby, except, perhaps, the parties to the record. It can furnish no foundation for any remedy against any other person, or against any other property.

Appeal by the plaintiff, Foo Long, from a judgment of the Supreme Court in favor of the defendant, entered in the office of the clerk of the county of New York on the 13th day of June, 1893, upon the verdict of a jury by direction of the court after a trial at the New York Circuit, and also from an order entered in the said clerk's office on the 15th day of June, 1893, denying the plaintiff's motion to set aside the verdict and for a new trial made upon the minutes.

*J. N. Tuttle,* for the appellant.

*Arnold & Greene,* for the respondent.

Van Brunt, P. J.:

This action was brought upon an undertaking given by the defendant for one Chu Fong upon appeal to the General Term upon a judgment in favor of the defendant therein. At the General Term this judgment was reversed and a new trial ordered. The plaintiff then appealed to the Court of Appeals from the order granting a new trial, giving a stipulation that if the same was affirmed judgment absolute might be rendered against him. After the appeal was taken and the case was on the calendar of the Court of Appeals, but long before it was reached, the plaintiff and the defendant in that action and their attorneys executed, acknowledged and filed a consent entitled in the Court of Appeals consenting to the entry of a judgment reversing the judgment of the General Term and affirming absolutely the judgment of the Circuit Court, and judgment having been entered accordingly, the plaintiff brought this suit against the present defendant on the undertaking. The defendant in its answer denied that the judgment at Circuit had ever been affirmed within the intent and meaning of the undertaking; and set up in defense that said judgment was not rendered upon any argument or submission of said appeal or upon any consideration by the Court of Appeals, but that the plaintiff had entered

the judgment of affirmance by consent without the knowledge and to the prejudice of the defendant as surety; and that said acts of the plaintiff and defendant in that suit were collusive and fraudulent. Upon the case being tried, the learned justice excluded all the evidence to support the defense and gave judgment against the defendant. Upon defendant's appeal that judgment was reversed and a new trial ordered. Upon the second trial the plaintiff put in evidence the judgment of the Supreme Court upon the remittitur showing that the Court of Appeals had reversed the order on consent and evidence of demand and notice. The defendant then proved by the remittitur of the Court of Appeals that the parties had made the consent on January 9, 1891; and that judgment in the Court of Appeals on said consent was entered on January 12, 1891, months before the case was reached. The defendant then proved the circumstances of the indemnity given to it upon its execution of the undertaking sued upon. The insolvency of the defendant in the first action was established, and certain other facts proven. The court excluded all evidence on the part of the plaintiff to show that when he made the agreement consenting to the affirmance, he thought that the defendant in the first action owned the $4,000 deposited with this defendant, and did not know that he had assigned it. The court directed a verdict for the defendant, and from the judgment thereupon entered, and from the order denying a motion for a new trial, this appeal is taken.

The decision of this case upon the previous appeal is contained in 61 Hun, 595, and seems to dispose of the only question involved herein. It was there held that the presumption was that the decision of the General Term was supported by the facts appearing before that court, and that presumption was not overcome by the proceedings afterwards taken in the Court of Appeals, for that court made no examination whatever into the merits of the appeal, or the decision made by the General Term; but the directions given by that tribunal were wholly founded upon the stipulation or agreement of the parties or their attorneys; and that no adjudication, therefore, was in fact made, by which this presumption of the correctness of the determination of the General Term was in the least affected or diminished in force; but the parties or their attorneys, with that presumption existing, entered into an agreement to set aside that

decision, and to restore the judgment on the verdict which had been reversed by it. It was also held that the only way in which the parties could dispose of the reversal of the judgment by the General Term so as to bind the surety upon the undertaking to the General Term, was by an actual adjudication by the Court of Appeals upon that question.

The learned counsel for the appellant seeks to re-argue the questions involved upon the appeal to the General Term. But we do not understand that the decision on that appeal can be impeached in this way. It is the law of this case until it is reversed by an adjudication made in the usual course by the Court of Appeals; and one made by consent and, therefore, collusive, can have no such effect.

It is a principle too familiar to need the citation of authorities that an adjudication which proceeds upon consent establishes nothing as to anybody, except perhaps the parties to that record. It can furnish no foundation for any remedy against any other person or against any other property. (*Earl of Bandon* v. *Becher*, 3 Cl. & Fin. 479; *Gaines* v. *Relf*, 12 How. [U. S.] 472; *Moses* v. *Mc-Divitt*, 88 N. Y. 62.)

We do not think that further discussion is at all necessary in view of the previous decision.

The judgment and order appealed from should be affirmed, with costs.

O'BRIEN and PARKER, JJ., concurred.

Judgment and order affirmed, with costs.