## A. F. ENGELHARDT CO. v. BENJAMIN et al.

(Supreme Court, Appellate Division, Second Department. February 18, 1896.)

ARREST—FOR FRAUD—EXISTENCE OF COMPLAINT.
> Under Code Civ. Proc. § 549, subd. 4, allowing arrest of defendant "where it is alleged in the complaint that the defendant was guilty of a fraud," arrest cannot be had before existence of a complaint in the action.

Appeal from special term, Kings county.

Action by the A. F. Engelhardt Company against Benjamin Benjamin and another. From an order vacating an order of arrest of defendant Kaufman, plaintiff appeals. Affirmed.

Argued before BROWN, P. J., and PRATT, CULLEN, BARTLETT, and HATCH, JJ.

Howard A. Sperry, for appellant.
Wilder & Anderson, for respondents.

PER CURIAM. The question whether an application for an order of arrest under subdivision 4, § 549, Code Civ. Proc., can be made before the existence of a complaint in the action, has been the subject of conflicting decisions. In Hall v. Conger, 1 How. Prac. (N. S.) 89, it was held by the special term of the supreme court that a complaint was unnecessary. In Lawrence v. Foxwell, 49 N. Y. Super. Ct. 278, the reverse rule was declared. We agree with the later decision. The Code gives the right to the remedy under this subdivision: "Where it is alleged in the complaint that the defendant was guilty of a fraud." It is difficult to see how the court can learn what is alleged in the complaint, when there is no complaint. Justice Andrews, in Hall v. Conger, has, in our opinion, been misled by

a consideration of the provisions of section 558, as to vacating an order of arrest when the complaint filed fails to show a sufficient cause of action under section 549. He construed that section as contemplating that the complaint might not be issued or filed until after the order of arrest had been granted. But this provision of the section was in the Code as originally enacted, while subdivision 4 was not added to section 549 till 1887. The provisions of section 558, therefore, cannot influence the construction to be given to subdivision 4.

The order appealed from should be affirmed, with $10 costs and disbursements.