(38 Misc. Rep. 331.)

LICHSTRAHL v. LICHSTRAHL.

(Supreme Court, Special Term, New York County. June, 1902.)

1. ORDER OF ARREST—DIVORCE.

Under Code Civ. Proc. § 550, providing that defendant may be arrested in an action wherein the judgment demanded requires the performance of an act, an order of arrest cannot be granted in an action for divorce upon an affidavit alone, where no complaint is in existence.

2. SAME.

The fact that the summons states that an action is one for absolute divorce, and that the affidavit demands alimony, is insufficient proof of the judgment demanded under Code Civ. Proc. § 550, to authorize an order of arrest.

Action by Celia Lichstrahl against Fishel Lichstrahl. Motion to vacate arrest. Granted.

Abraham Harawitz (Alexander Bloch, of counsel), for the motion. Meyer London, opposed.

GIEGERICH, J. This motion to vacate the order of arrest of the defendant in an action for a divorce is based upon several grounds, the first being that no complaint has been served, nor does the complaint form a part of the papers on which the order of arrest was granted. The plaintiff's attorney contends that section 557 of the Code of Civil Procedure dispenses with the necessity of a complaint, and authorizes such an order upon an affidavit simply. I am compelled to take a different view of the effect of this section. It specifically refers to section 550, under which it is admitted this order was obtained, and which provides that "a defendant may also be arrested in an action wherein the judgment demanded requires the performance of an act," etc. What the judgment demanded is can only be determined from the complaint, which is not yet in existence, so far as appears. No authorities are presented on either side, and I have not been able to find any under section 550. The case of Engelhardt Co. v. Benjamin, 2 App. Div. 91, 37 N. Y. Supp. 531, decided under subdivision 4 of section 549, is, however, somewhat analogous. It was there said:

"The Code gives the right to the remedy under this subdivision 'where it is alleged in the complaint that the defendant was guilty of a fraud.' It is difficult to see how the court can learn what is alleged in the complaint when there is no complaint."

See, also, to same effect, Lawrence v. Foxwell, 4 Civ. Proc. R. 351; Straus v. Kreis, 6 Civ. Proc. R. 77; and Shidlovsky v. Cashman, 20 Misc. Rep. 404, 45 N. Y. Supp. 1041. To be sure, the summons, which is a part of the moving papers, states that the action is for an absolute divorce, and the affidavit shows that the securing of alimony is one of the chief objects of the action; still, a demand for alimony is not an essential part, although it is a very usual part, of the judgment demanded in such an action. If the court cannot, from an affidavit, anticipate what is to be "alleged in the complaint," neither can

it anticipate what judgment is to be demanded. The motion must be granted, but without costs.

Motion granted, without costs.