AIME VANDEWEGHE and IRVING SCHILD, Copartners Doing
Business under the Firm Name and Style of AIME VAN-
DEWEGHE & COMPANY, Appellants, *v.* HERMAN SCHWARTZ
and JOSEPH SCHWARTZ, Copartners Doing Business under the
Firm Name and Style of SCHWARTZ BROS., Respondents.

First Department, April 4, 1919.

**Arrest in action for moneys received by agent in fiduciary capacity —
order may not be vacated upon ground that complaint does not
contain allegation required by subdivision 2 of section 549 of
Code of Civil Procedure — granting order upon affidavits — amend-
ment of complaint to contain allegations required by section
549 of Code of Civil Procedure.**

In an action to recover for moneys received by an agent in a fiduciary
capacity, an order of arrest may not be set aside upon the ground that it
could only be granted upon a complaint containing an allegation " that the
money was received * * * by an * * * agent * * * or
other person in a fiduciary capacity," as provided in subdivision 2 of sec-
tion 549 of the Code of Civil Procedure, since under section 557 of the
Code of Civil Procedure such an order may be granted in the case specified
in section 549, where it appears by the affidavit of the plaintiff or any other
person that a sufficient cause of action exists against the defendant as pre-
scribed in that section.

The provision of section 558 of the Code of Civil Procedure that " where
the order is applied for after the filing or service of the complaint, the
court before granting the same may, without notice, direct the service of
an amended complaint, so as to conform to the allegations required in
subdivisions 2 and 4 of section 549," contemplates that an order of arrest
may be granted before the filing of the complaint. If, however, it be not
asked for until after the filing of the complaint and the complaint does not
contain said allegations, the court is authorized, without notice, to direct
the filing of an amended complaint which shall contain the allegations.

Affidavits, alleging the transfer of the legal title to certain accounts to the
plaintiffs and the authority of the defendants to collect the same and
remit the proceeds, *held,* to establish a cause of action entitling the plaintiffs
to an order of arrest, as the moneys thus collected were held by the
defendants as the fiduciaries of the plaintiffs, and in an action for failure
to pay them over or for their misapplication, the defendants would be
liable as for moneys misappropriated.

APPEAL by the plaintiffs, Aime Vandeweghe and another,
from an order of the Supreme Court, made at the New York
Special Term and entered in the office of the clerk of the
county of New York on the 6th day of December, 1918,

vacating an order of arrest and also vacating, canceling and discharging the bail furnished by Joseph Schwartz, the defendant arrested.

*Morris Popper* of counsel [*David Segal* with him on the brief], for the appellants.

*Bernard Chambers*, for the respondents.

SMITH, J.:

This action is an action which comes under subdivision 2 of section 549 of the Code of Civil Procedure, to recover for moneys received by an agent in a fiduciary capacity. Such section provides that a defendant may be arrested where the action is brought for either of the following causes, and among those causes it is stated: " Where it is alleged in the complaint that the money was received  *  *  *  by an  *  *  *  agent  *  *  *  or other person in a fiduciary capacity." The defendants moved to set aside the order of arrest and the Special Term has granted the motion on the ground that such an order could only be granted upon a complaint containing such an allegation. This holding, I think, was erroneous. By section 557 of the Code of Civil Procedure it is provided that an order may be granted in a case specified in section 549, where it appears by the affidavit of the plaintiff or any other person that a sufficient cause of action exists against the defendant as prescribed in that section. By section 558 it is provided that the order may be granted at any time after the commencement of the action. It may also be granted to accompany the summons, " but at any time after the filing or service of the complaint, the order of arrest must be vacated on motion, if the complaint fails to set forth a sufficient cause of action, as required by section five hundred and forty-nine of this act, but where the order is applied for after the filing or service of the complaint, the court before granting the same may without notice direct the service of an amended complaint so as to conform to the allegations required in subdivisions two and four of section five hundred and forty-nine of this act." When the Code was first enacted,* an action

---

* See Laws of 1876, chap. 448, as amd. by Laws of 1877, chaps. 416, 422.— [REP.

might be brought to recover either for moneys embezzled or upon a contract where there was fraud in contracting the same, and an order of arrest might have been obtained without an allegation in the complaint of the act of embezzlement or of the fraud in contracting the liability. The order of arrest was then obtained upon affidavit and the fact of embezzlement or of the fraud in contracting the liability was tried out on affidavits, and if the order of arrest held the plaintiff was not required to prove either the embezzlement or fraud in contracting the liability upon the trial of the issue. This was found to work injustice and it was deemed expedient, *first*, where an order of arrest was sought on the ground of fraud in contracting a liability, that such an allegation should be made part of the complaint and that fraud should be proven as an issue upon the trial so as to entitle the plaintiff to a body execution only if the fraud were so proven. If the fraud were not proven, however, it was provided that that did not prevent the party from thereafter bringing an action to recover upon the contract only. In 1879 (Laws of 1879, chap. 542) this provision that was embodied in section 550, that a party might obtain an order of arrest upon proof of fraud in the contracting of the liability, was taken from section 550 and placed in section 549, and it is therein provided that a party was entitled to an order of arrest as in that section provided, where it is alleged in the complaint that the defendant was guilty of fraud in contracting the liability, and that the party could not recover in such an action without proving the fraud. Notwithstanding this change made as subdivision 4 of section 549, section 557 was also amended, but it still provided that the order might be granted in a case specified in section 549 of the act, where it appeared by the affidavit of the plaintiff or any other person that a sufficient cause of action existed against the defendant as prescribed in that section. Thereafter, and in 1886 (Laws of 1886, chap. 672), the provision authorizing an order of arrest in case of the embezzlement of property held in a fiduciary capacity which had theretofore been included in section 550, was also changed and inserted in subdivision 2 of section 549, and it was therein provided that such fact must be alleged in the complaint and where such an allegation was made the plaintiff could not

recover unless he proved the same on the trial of the action, and a judgment for the defendant was not deemed a bar to a new action to recover the money or the chattel. Section 557 was not in any way amended, so that after that amendment in 1886 the plaintiff was still authorized under section 557 to procure an order of arrest upon affidavit only, and under section 558, if the complaint when served failed to show a cause of action under section 549, the order of arrest was required to be vacated. In the same year, 1886, there was a clause added to section 558 which is very significant. That section provides that if the complaint failed to set forth a sufficient cause of action as provided by section 549, the order of arrest must be vacated, and there was in that year added: " But where the order is applied for after the filing or service of the complaint, the court before granting the same may without notice direct the service of an amended complaint so as to conform to the allegations required in subdivisions two and four of section five hundred and forty-nine of this act." This provision clearly contemplates that the order may be granted before the filing of the complaint. If, however, it be not asked for until after the filing of the complaint and the complaint does not contain these allegations, the court is authorized without notice to direct the filing of an amended complaint which shall contain these allegations. The allegations thus referred to are undoubtedly the allegations in reference to the two provisions taken from section 550 and placed in subdivisions 2 and 4 of section 549. The history of this legislation makes clear that by transferring these two provisions from section 550 to section 549 it was not intended to deprive the court under section 557 of the right to grant the order upon affidavit. The only effect of the transfer of these provisions was to authorize the court to vacate the order, if, after the service of the complaint proper, the allegations were not found therein to bring it within subdivisions 2 and 4 of section 549.

The trial court felt bound by the decision in *Engelhardt Co.* v. *Benjamin* (2 App. Div. 91). That decision has never since been cited in any of the superior courts and we are of opinion that it should not be followed.

It is further contended on behalf of the respondents, however,

that the affidavits annexed to the order of arrest do not show a cause of action to entitle the plaintiffs to such an order. The legal title to certain accounts was transferred to the plaintiffs. The defendants were authorized to collect those accounts for the plaintiffs and to remit as they were collected, and to save the credit of the defendants the plaintiffs were not to notify defendants' creditors that they were the owners of the account. These moneys thus collected were held by the defendants as the fiduciaries of the plaintiffs, and for failure to pay them over or for their misapplication the defendants were liable as for moneys misappropriated.

The order vacating the order of arrest should, therefore, be reversed, with ten dollars costs and disbursements, and the motion to vacate denied, with ten dollars costs.

CLARKE, P. J., LAUGHLIN, DOWLING and SHEARN, JJ., concurred.

Order reversed, with ten dollars costs and disbursements, and motion denied, with ten dollars costs.