GEORGE V. GRANVILLE, Respondent, *v.* LEOPOLD GRATZER, Appellant.

First Department, April 21, 1953.

*Gustave I. Jahr* for appellant.

*Stephen Weinrib* of counsel (*Miller, Thierman & Krouse,* attorneys), for respondent.

CALLAHAN, J. The question is presented upon this appeal as to whether a body execution may issue on a judgment entered by confession, where no action has been brought by the creditor against the debtor. The confession in this case contained an admission that the claim arose out of a civil fraud and stipulated that the creditor was entitled to issue a body execution.

In addition, it provided for the delivery of certain notes, which the creditor accepted in settlement of all claims against the debtor.

The debtor paid the first note and then defaulted, whereupon the present judgment was entered on the confession for the balance due, without any action having been commenced. Execution has issued ex parte against the person of the debtor, who moved to vacate the same.

It appears that the provisions of section 826 of the Civil Practice Act as to arrests and section 764 as to executions against the person, by their express language, are available only to a plaintiff *in an action.*

Section 540 of the Civil Practice Act provides that a judgment may be entered on a confession *without action* either for money due or to become due or to secure a person against a contingent liability. Such a judgment is enforcible only against the property of the debtor (Civ. Prac. Act, § 544).

Section 540 was derived from section 1273 of the Code of Civil Procedure, which in turn was taken from section 382 of the Code of Procedure. The history of these sections indicates that the statutory provision permitting entry of a judgment by confession without action was a substitute for the common-law procedure of giving a bond and warrant of attorney. At common law no judgment could be entered for a tort, except after an action was commenced (*Burkham* v. *Van Saun,* 14 Abb. Prac. [N. S.] 163).

The language of section 540 *et seq.* indicates that the statutes did not intend to alter the common-law limitation that a judgment entered by confession without action was to be deemed a judgment on a debt, for which execution might issue only against the property. If an action had been commenced, a judgment in tort could be entered by stipulation or consent, upon which a body execution might issue (*Steinbock* v. *Evans,* 122 N. Y. 551).

Special Term was of the view that the motion to vacate should be denied because the debtor was estopped from repudiating his stipulation. We believe that no such estoppel would arise in face of the statutory limitations aforesaid and the procedure adopted by the creditor in entering a judgment without action.

The order appealed from should be reversed, with $20 costs and disbursements, and the motion granted.

DORE, J. P., COHN, VAN VOORHIS and BREITEL, JJ., concur.

Order unanimously reversed, with $20 costs and disbursements to the appellant and the motion granted.