## (May 12, 1959)

■ BEN RUBIN, Doing Business as ISLAND FACTORS COMPANY, Respondent, v. FREEMAN ELECTRIC CONSTRUCTION CO., INC., Defendant, and MAURICE FREEMAN, Appellant.

APPEAL from an order of the Supreme Court at Special Term, entered February 4, 1959, in New York County, which granted a motion by plaintiff for an order issuing an execution against the person of the appellant.

MEMORANDUM BY THE COURT. Undisputed on this record and in the briefs filed on the appeal is the fact that the cause of action originally sued upon was one under which an order of arrest might have issued (Civ. Prac. Act, § 826). No question has been raised, moreover, that such cause of action fell under subdivisions 3 and 5 of section 826. Of course, if the cause of action fell within

subdivisions 6, 7 or 9 of such section, this court might be warranted in denying the application for a body execution, despite the absence of a proper objection (cf. *Collins* v. *Toombs*, 271 App. Div. 160). Subdivision 7 of section 826 encompasses a suit for conversion against an "agent * * * or other * * * fiduciary". It is clear that an assignor of accounts receivable, with the duty to collect and pay over, is a fiduciary within the contemplation of this subdivision (*Vandeweghe* v. *Schwartz*, 187 App. Div. 219). However, the party against whom execution is sought in this action is not the assignor, but is its officer or agent. One who participates with a fiduciary in a misappropriation of the trust *res* is responsible therefor in conversion (*Hinkle Iron Co.* v. *Kohn*, 229 N. Y. 179). But it does not follow that by so participating he becomes a fiduciary based on an express trust (albeit a constructive trust, in some circumstances, could be imposed on him), at least within the contemplation of subdivision 7 of section 826. (Cf. 3 Scott, Trusts [2d ed.], § 326.4; Restatement, Trusts, § 326.) In this case, an action having actually been commenced, a body execution on the confession of judgment is proper. (*Granville* v. *Gratzer*, 281 App. Div. 514; *Steinbock* v. *Evans*, 122 N. Y. 551.) While the remedy of civil arrest is undoubtedly a harsh one, the legislative mandate offers little leeway.

VALENTE, J. (dissenting). Defendant appeals from an order which granted the motion of executors of a deceased judgment creditor for an execution against the person of defendant pursuant to section 764 of the Civil Practice Act.

Under the provisions of section 764, a body execution against a judgment debtor may issue, in the discretion of the court, where the judgment is one that can be enforced by execution and where the plaintiff's right to arrest the defendant depends upon the nature of the action. The actions in which a defendant may be arrested are set forth in section 826 of the Civil Practice Act. It should be noted that under subdivisions 6, 7 and 9 of section 826 (which deal respectively with concealment and removal of chattels; the conversion or misapplication of property by public officers, attorneys, agents and fiduciaries; and fraudulently inducing the making of a contract), it is provided that where the necessary allegations are made in a complaint, a plaintiff cannot recover unless he proves the same *on a trial* of the action.

Thus the foundation of an application under section 764 is a cause of action which can support an arrest under section 826. The only adequate guide to the initial determination as to the existence of a proper cause of action is the complaint. Since the record here contains no complaint, the papers upon which the body execution was issued are jurisdictionally defective.* There was no proper basis for a determination that the action was one of those set forth in section 826 of the Civil Practice Act.

In *Granville* v. *Gratzer* (281 App. Div. 514), it was held that a body execution may not issue on a judgment entered by confession, where no action had been brought by the creditor against the debtor. By way of dictum, it was said in *Granville* that if an action is commenced a judgment in tort can be entered by stipulation and consent upon which a body execution might issue, citing *Steinbock* v. *Evans* (122 N. Y. 551). The dictum in *Granville* should be restricted to bona fide actions. I do not think that this court should extend the extraordinary remedy of a body execution to a palpable attempt to circumvent the import of our decision in *Granville* v. *Gratzer* by the simple expedient of the service of a

---

* This court may consider *sua sponte* this defect in the papers. (See A. D. Vestal, *Sua Sponte Consideration in Appellate Review*, 27 Fordham L. Rev. 477–512.)

summons and complaint simultaneously or immediately before obtaining a confession of judgment.

In the instant case, it does not appear when the summons and complaint were served. Again the absence of the summons and complaint in the record makes it impossible to determine the date of their issuance. But the papers do show that the notice of appearance, the stipulation of settlement and the confession of judgment are all dated April 4, 1958. Moreover, the attorney for plaintiff admits in an affidavit that the action was commenced as a "precaution" and "with full knowledge that no body execution could be obtained unless an action had been commenced".

In the present state of the record, we cannot tell whether the cause of action upon which the judgment was entered — even if one of those provided for in section 826 of the Civil Practice Act — was one within subdivisions 6, 7 or 9 of section 826. From the nature of the claim it would seem the charge against the defendant is that after assigning accounts receivable as collateral security for a loan, he collected the accounts and converted the proceeds. Subdivision 7 of section 826 gives the right to an order of arrest where a complaint alleges the conversion or misapplication of property by a factor, agent, broker or other person in a fiduciary capacity. One who pledges accounts receivable as collateral security for a loan, and agrees to collect the accounts and pay the proceeds over to the pledgee, acts as an agent or a fiduciary for the pledgee. (*Clark* v. *Iselin,* 88 U. S. 360, 368; *Hinkle Iron Co.* v. *Kohn,* 229 N. Y. 179, 183; *Vandeweghe* v. *Schwartz,* 187 App. Div. 219, 223; *Cornwell* v. *Baldwin's Bank,* 12 App. Div. 227, 232.) Where a cause of action under subdivisions 6, 7 and 9 of section 826 is alleged, a body execution may not issue until a trial is had. The necessity for a trial was pointedly demonstrated in *Collins* v. *Toombs* (271 App. Div. 160). where the court held that an execution against the person could not issue in an action falling within subdivisions 6, 7 and 9 of section 826 where the judgment was obtained on a motion for summary judgment. It would follow that a judgment based on a stipulation would be equally ineffective for that purpose. (See, also, *Franklin* v. *Muckley,* 189 Misc. 155.)

Finally, it would appear that the body execution in this case was issued by Special Term as a matter of right rather than in the exercise of discretion. Nevertheless, the circumstances of this case demonstrate that it would have been an abuse of discretion, as a matter of law, to permit the executors of the judgment creditors to obtain the relief. The stipulation of settlement provided for the payment of $51,000. There was an immediate payment on account of $12,000, a promissory note of a third party in the sum of $10,000 was delivered. and there was an assignment of a $15,000 debt owed to defendants. Since a major portion of the indebtedness had been repaid the courts should not permit possible imprisonment to collect the balance on behalf of the executors of the judgment creditor.

I agree with the majority of the court that the remedy of a body execution is a harsh one. In fact its abolition has been recommended in high quarters. (Twelfth Annual Report of N. Y. Judicial Council, 1946, pp. 337–362; Record-Association of Bar of City of New York, vol. 11, 1956, pp. 402–411.) While the statute is still on the books, we must of course enforce it. But at least we can insist upon exact and unquestioned compliance with the statutory provisions before extending the remedy to a judgment creditor. The record before us is in my opinion insufficient in law to sustain the granting of an execution against the person of appellant.

The order should, therefore, be reversed and the application denied.

Breitel, J. P., Rabin, Stevens and Bergan, JJ., concur in Memorandum; Valente, J., dissents in opinion.

Order granting motion for issuance of a body execution under section 764 of the Civil Practice Act affirmed, on the law and in the exercise of discretion, with $20 costs and disbursements to plaintiff-respondent.