ALBANY,<br>Nov. 1833.<br><br>Townsend<br>v.<br>Morrell.

---

October 1.

---

## Ex parte P. TOWNSEND *vs.* CHARLES MORRELL, Esq. a supreme court commissioner.

*A* debtor proceeded against by *warrant* under the act to abolish imprisonment for debt, and to *punish fraudulent debtors*, cannot be committed, but is entitled to be discharged if he tender a bond that he will not remove any property that he then has out of the jurisdiction of the court, and will not assign or dispose of his property with the intent to defraud his creditors, although the officer issuing the warrant be satisfied that the allegations of the complainant charging the debtor with fraud be substantiated, and such charges be as broad as the cases enumerated in the act.
Where an officer under this act erroneously *commits* a debtor to jail, the remedy of the party it seems is by *certiorari*, and not by *mandamus*.
*After commitment*, if the debtor complies with the requirements of the act and the officer refuses to discharge him, it seems a *mandamus* would lie.

THE relator was arrested on a *warrant* issued under the fifth section of the *act to abolish imprisonment for debt* and to punish fraudulent debtors, *Laws of* 1831, *p.* 396, and brought before the *commissioner*. The warrant was sued out upon the application of one J. Sayre, a *judgment creditor* of the relator. The commissioner, after hearing proofs, was satisfied that the allegations of the complainant were substantiated; which allegations were, that the relator had property or rights in action,

November 21.

ALBANY,
Nov. 1833.

Townsend
v.
Morrell.

money or evidences of debt, which he unjustly refused to apply to the payment of the judgment which the complainant held against him ; that he had assigned, removed or disposed of his property with the intent to defraud his creditors ; and that he had fraudulently contracted the debt owing by him to the complainant. The relator thereupon executed a bond in conformity to the *fifth subdivision* of the *tenth section* of the act, conditioned that he *would not remove any property* which he then had, out of the jurisdiction of the court in which the suit was brought, with the intent to defraud any of his creditors ; and that *he would not assign* or dispose of any such property with such intent, or with a view to give a preference to any creditor for any debt antecedent to such assignment or disposition, until the demand of the plaintiff with the costs should be satisfied, and tendered such bond to the commissioner and claimed to be discharged from the arrest. The commissioner being of opinion that *such a bond* did not entitle the relator to a discharge from the arrest, refused to discharge him, required him to enter into a recognizance for his appearance at an adjourned day, and on the application of the parties, made a report to this court of the state of the case ; and a motion was now made in behalf of the relator, for a *mandamus* directing the commissioner to discharge the relator from arrest under the warrant issued against him.

*H. G. Wisner*, for the relator.

*J. R. Van Duzer*, for the creditor. The intent of the legislature in the enactment of the act in question, was to abolish imprisonment for debt in the cases specified in the act, except where it should be shewn that debtors had acted *fraudulently*, or were *about to defraud* their creditors. On specific charges being made against a debtor, the act authorizes his arrest by warrant and the officer issuing the warrant, if satisfied after the debtor is brought before him that the allegations of the creditor are substantiated, is authorized to commit the debtor to jail. Such commitment, however, may be avoided by the debtor, either 1. by paying the debt or giving security for its payment within sixty days ; or 2. by assigning his

property as in the case of insolvency, or giving security that he will within 30 days commence and prosecute proceedings for his discharge as an insolvent debtor; or 3. by giving a bond that he will not remove his property out of the jurisdiction of the court, and that he will not assign or dispose of it with the intent to defraud his creditors. Now, although the language of the act is, that he shall not be committed, if he comply with *either* of these requirements, it is insisted that the giving of the bond last mentioned will not save him from imprisonment, except when the charge is *only* that he is *about to remove* or to *dispose* of his property with the intent to defraud his creditors; in such case the giving of the bond, effectuates the intent of the act, that is, the security of the creditor and the exemption of the debtor from imprisonment; but when the charge is that the debtor *fraudulently contracted the debt*, or that he has property which he *fraudulently conceals* or *unjustly refuses to apply* to the discharge of the complainant's debt, a bond that he will not remove, or assign or dispose of his property, affords no equivalent for the remedy which the legislation intended that a creditor should have to coerce payment by the imprisonment of the debtor. In such cases an imprisonment can be avoided only by payment or security for payment, or by assignment of all the estate of the debtor, or by security for such assignment. The case now before the court is of the latter description, and the bond tendered by the debtor did not therefore entitle him to a discharge. The only difficulty in this construction of the act is its phraseology; its *words*, it is admitted, import a different meaning, but the view now presented it is contended is conformable to the *intent* of the legislature; and if so, such construction should be put upon the act as to answer the intention which the makers had in view, although such construction seem *contrary to the letter of the statute*, according to the well established rule, that a thing which is within the intention of the makers of a statute is as much within the statute as if it were within the letter; and a thing which is within the letter of the statute, is not within the statute unless it be within the intention of the makers. *Bacon's Abr. tit. Statutes l. 5*, 10. 15 *Johns. R.* 380. 20 *id.*

ALBANY,
Nov. 1833.

Townsend
v.
Morrell.

400. The counsel also insisted that this was not a proper case for a *mandamus ;* that the remedy, if any, was by *certiorari.* 10 *Wendell,* 30. 5 *id.* 114. 4 *Barn. & Ald.* 298.

*By the Court,* SAVAGE, Ch. J. The statute professes to have for its object the abolition of imprisonment for debt, and the punishment of fraudulent debtors. The *first* section declares the general principle that no person shall be arrested or imprisoned in a suit founded upon contract. The *second* makes some exceptions. The *third* and *fourth* provide for the issuing of a warrant against fraudulent debtors, and prescribe the evidence upon which such warrant shall issue. Such evidence must establish one, at least, of four particulars : 1. That the defendant is about to remove some part of his property out of the jurisdiction of the court in which a suit is pending against him ; or 2. That he has property, &c. which he fraudulently conceals, or unjustly refuses to apply to the payment of a judgment or decree against him ; or 3. That he has disposed, or is about to dispose of his property with intent to defraud his creditors ; or 4. That he fraudulently contracted the debt upon which the suit is brought.

Any of these charges being established against the defendant, he is to be committed to jail, to be there detained until discharged according to law. But such commitment shall not be granted, if the defendant shall 1. Pay the debt ; or 2. Give security to pay it in 60 days ; or 3. Commence proceedings for a discharge, and actually obtain such discharge ; or 4. Enter into a bond conditioned within 30 days to apply for and obtain a discharge ; or 5. Give a bond as therein described, conditioned that he will not remove any of his property out of the jurisdiction of the court in which such suit is brought, with intent to defraud his creditors ; and that he will not assign or dispose of any such property with a view to give a preference to any creditor for any debt antecedent to such assignment or disposition, until the demand of the plaintiff, with costs, shall be satisfied ; or until the expiration of three months after final judgment shall be rendered in the suit brought for the recovery of such demand.

The bond which the defendant tendered, and which the commissioner decided was not sufficient to prevent his imprisonment, was in the form last mentioned. The counsel for the creditor contends that this bond is applicable only where the debtor is convicted under the first subdivision of the 4th section of a fraudulent intent to remove his property out of the jurisdiction of the court with intent to defraud his creditors. It is true that the phraseology of the condition seems to meet that case more particularly; but an examination into the principles of the statute and its provisions will shew, as I think, that the bond in question is intended to relieve from imprisonment in all cases. The leading object of the statute is to abolish imprisonment for debt, which is thought by many to be inconsistent with the humane spirit of the present age. Such an act seemed to be called for in this state, where previous to its passage all debtors who had been held to bail must, by the theory of our laws, have been stripped of their property by a writ of *fieri facias*, before they could be imprisoned; they were then to be imprisoned, not because they would not pay, but because they could not. This state of things exhibited in the most glaring point of view the inhumanity, as well as the impolicy of imprisoning an honest debtor; and this is proper to be considered in giving a construction to the statute under consideration; and we shall find, throughout, that the liberation of the person of the debtor is the principal object; the punishment of the fraudulent debtor is only secondary, and as a means of compelling payment, or an honest effort to make satisfaction. Hence, although the defendant may have fraudulently contracted the debt—although he may not only have intended to remove his property with intent to defraud his creditors, but also carried such fraudulent intention into execution, and further, concealed all his evidences of debt or choses in action, so as to elude an execution; although he has been guilty of all these frauds, yet by the tenth section he shall not be imprisoned, provided he pays the debt, or gives security that he will do so in 60 days. Payment or security atones for all the fraud committed or intended against his creditor. The imprisonment, if it actually takes place, is severe; it is to be in the same manner as imprisonment upon crimi-

ALBANY,
Nov. 1833.

Townsend
v.
Morrell.

nal process; it is then intended as punishment, but when payment is made all past offences against the creditor are expiated, and liberation follows. The legislature undoubtedly knew that in most cases likely to occur, payment could not be made, nor could security be given to pay in 60 days; the next provision, therefore, is an immediate surrender of the property of the debtor, and a discharge as an insolvent debtor. This mode of avoiding imprisonment can only be efficacious where no actual fraudulent disposition or concealment of property has been made by the debtor, for the officer is not to grant a discharge unless he shall be satisfied that the proceedings on the part of the debtor have been just and fair, and that he has not concealed, removed or disposed of his property with intent to defraud his creditors; or rather the opposing creditor must have failed to prove these charges. This relief may, however, be applied where the debtor has been convicted only of the intention to commit a fraud, as under the first sub-division of the fourth section. The same remarks are applicable to the fourth subdivision of the tenth section, by which a bond is to be given, the condition of which must be that the debtor will in 30 days apply for his discharge, and prosecute his application diligently until he obtains his discharge. In this case should the debtor fail to obtain his discharge, a right of action would accrue on the bond, and the measure of damages would, by the 24th section, be the amount of the judgment.

Thus we see that the legislature seem to have been extending more and more liberality to the debtor. They first require payment as the condition of the liberty of the fraudulent debtor; secondly, security for payment in 60 days; thirdly, an honest surrender of his property, which will obtain for him a discharge, but the creditor now gets neither payment nor security, but only a dividend with other creditors, if there shall happen to be any thing to divide; fourthly, it shall be sufficient, if the debtor will give security that he will in 30 days make a successful application. Thus every succeeding provision of the tenth section removes further and further from the creditor the prospect of payment, until the fifth subdivision leaves him, if he is a judgment creditor, precisely where he

was before he made his application for a warrant; and if he is only a creditor at large, it guarantees to him that the debtor shall be in no worse condition until three months after he shall obtain judgment. The object can be no other than to afford the creditor an opportunity to issue execution, and if that proves insufficient, that he may file a bill in equity. Any creditor may do so, who, like the creditor in the present case, already has a judgment, before applying for a warrant; all the security he obtains is a bond against further frauds, until he can file his bill according to the practice of the court.

If this exposition of the statute be correct, it follows, that no fraudulent debtor can be imprisoned as a means of enforcing payment, provided he can give security that he will subject himself and his property to the scrutiny of a bill in equity. Such, I have no doubt, was the intention of the legislature; and this intention is further evinced by the *eleventh section,* which provides that any defendant who shall have been committed upon a warrant, may be discharged, by paying the debt, or giving security, or executing *either of the bonds* mentioned in the tenth section. By subsequent sections of the act the fraudulent acts of a debtor are considered a misdemeanor, and are punishable criminally; but with that view of the subject we have now nothing to do. I am therefore of opinion that the relator should have been discharged upon executing the bond, which was tendered to the commissioner.

Whether this is a proper case for a *mandamus* is not so clear. There can be no doubt, I think, that the proceedings of the commissioner are of a judicial character, of which a record may be made, and thus be reviewed upon *certiorari;* and the general rule is that a mandamus does not issue, unless in cases where there is no other appropriate legal remedy. If, however, this be considered an application under the eleventh section by the debtor, *after commitment,* then a mandamus seems to be proper. It is unnecessary to discuss this point farther, as I understand it is the wish of the commissioner to obtain an expression of the deliberate opinion of this court, without reference to technicality.

Motion granted.