By the Courts

Bronson, J.
After a commitment had beeti ordered in pursuance of the ninth section of the non-imprisonment act, Lodowick applied to the commissioner for a discharge in pursuance of the third subdivision of the tenth section . After a full investigation, the application was denied on the ground that the proceedings on the part of the petitioner were, not just and fair, and that he was chargeable with actual fraud; (§ 12, 16.) I see no reason why this should not have the same effect as it would if the debtor had been first committed to jailj and had then applied for a discharge under the 12th section.
This brings us to the question whether the debtor can repeat his application for a discharge at pleasure, or whether^ when the matter has been once decided against him, it is to be considered as res adjudícala so long as the first determination remains in force* It does not appear that there was any substantial difference between the papers presented to the judge, and those which had previously been before the commissioner; and *608 we think the relator is estopped from trying the same matter a second time, so long as the first decision remains unreversed. (Mercein v. The People, 25 Wend. 64. Aid see The People v. Mercein, 3 Hill, 399.) If the decision of the commissioner was erroneous, the remedy Was by certiorari. (Townsend v. Morrell, 10 Wend. 577.) If the debtor can make a second application after being defeated in the first, there can be no limit to the applications, and the creditor may better abandon his claim at once than think of opposing a discharge.
It is asked, how can the debtor get out of jail 1 That is a question which we are not now called upon to decide.
Motion denied.