Mason, J.
It has long been a rule of the English courts, that no warrant of attorney executed by any person in custody of any sheriff or other officer, for the confessing of any judgment, shall be valid or of any force, unless there be present some attorney on the behalf of such person in custody, to be named by him, and attending at his request to inform him of the nature •and effect of such warrant of attorney before the same is executed ; and the attorney is required to subscribe his name to the due execution thereof. This rule was adopted in this form in the fourth year of George II., and it appears to have been an amendment of, or engrafted on, a prior rule, adopted in the time of Charles II. It has been constantly adhered to in England, from that time to the present. In the case of Hutson v. Hutson, 7 T. R. 7, the court held that a defendant, under the pressure of an arrest, ought to be considered incapable of waiving the benefit of the rule, and that in all cases he should be protected by the advice of an attorney expressly attending for him; and in the case of Walker v. Gardner and others, decided in 1832, *658 (4 B. & Ad. 371,) the court of kings bench set aside a judgment and ordered, the warrant of attorney to be cancelled, because the attorney who attended on behalf of the defendant, and witnessed the execution of his papers, was not his attorney, but an attorney named and procured by the plaintiff.
This rule was never adopted in terms by the supreme court of this state, but the practice of the court appears to have always been in accordance with it. This is shown by the case of The Manhattan Co. v. Brower, 1 Caines, 511, decided in 1804, and the case of Evans v. Bayley, 2 Wend. 243, decided in 1829. In the recent case of Wilder v. Baumstauck, 3 Howard Spec. T. R. 81, Mr. Justice Welles applied the rule to a case where a defendant confessed a judgment while in custody on criminal process, and set aside the judgment because he had no attorney attending on his behalf.
If this judgment, then, had been confessed under the old system, it would unquestionably have been the duty of the court to set it aside. And I do not see that the adoption of the code makes any difference. The code, indeed, is silent on the subject, but the code does not provide, or purport to provide, for every case. There was no statute or rule of court on this subject, under the old practice, yet the propriety of thus protecting a defendant against oppression while under arrest, was so manifest, that the court always acted on the principle of the English rule. A change in the form of proceeding, has not wrought any change in the principle. The reason of the rule still remains the same. Defendants under arrest, need the same advice, assistance and protection, whether the papers are drawn up according to the forms formerly in use, or according to the code.
The counsel for the plaintiff, contends that the code has provided for this case, and that he has strictly complied with its requirements. An examination, however, of the section relied on, conclusively shows that those sections have no application to a case like the present.
The chapter in which these sections are found, is entitled “confession of judgment without action.” Now, in this case there was not only an action in the court of common pleas, but the defendant was in custody by tirtue of an arrest made in the *659 action, and the confession was for the same cause for which that action was brought.
Section 382, which is the first section of this chapter, defines the cases in which such a judgment without action may be entered, viz., either for money duo or to become due, or to secure any person against contingent liability on behalf of the defendant, or both ; that is, a party may confess a judgment without action, in favor of his creditor, whether the debt has become due and payable or not, and also by way of security to a person who has become surety for him, although the liability of the surety may not have become fixed, as, for instance, an accommodation indorser before the-note has fallen due. These are the only cases for which this chapter provides. The next section points out the manner in which the confession in such cases must be made. Now here there was no debt and no suretyship, but a trespass. The liability was not contingent but absolute, and it was a liability not of the plaintiff to third persons on behalf of the defendant, but of the defendant to the plaintiff, for damages occasioned by the trespass.
The confession of judgment, then, in this case, was wholly unauthorized by this chapter in the code.
It is not necessary to decide in the present motion, whether, since the code, a judgment may be confessed out of court, in a case like the present. It is sufficient to say that this judgment cannot be sustained, as one authorized by any express provision of the code. And if a judgment by confession out of court "can be given in such a case, independent of the code, the judgment in this case is void by reason of its having been confessed by the defendant while in custody of the sheriff, under an order for arrest at the suit of the plaintiff in this action, without the presence and counsel, and advice of some attorney named by him, and attending at his request, to inform him of the nature and effect of the confession, before he executed and signed it.
This view of the case renders it unnecessary to discuss the ether point raised on the argument.
Judgment and execution set aside, with ten dollars costs.