ETHEL WINTNER, Plaintiff, v. SAMUEL ARON, Defendant.*

Supreme Court, New York County, July 16, 1932.

*McManus, Ernst & Ernst*, for the plaintiff.

*William J. Dawley*, for the defendant.

COLLINS, J. The defendant moves for his release from the county jail, where he has been confined since March 15, 1932, for failure to pay a judgment against him for $7,139.75. Such judgment, granted in November, 1922, is based upon a breach of contract to marry. The defendant, an oil promoter, is a resident of Texas and was arrested while visiting in New York. Apparently he was once wealthy. Now seventy-two years old, he is bereft of means and stricken in health. His maladies are manifold. He suffers from aggravated stomach ulcers, heart trouble, rupture and swollen ankles. His diseases are malignant in character. He has sustained the loss of one eye and the vision of the other is impaired. He moves and walks with difficulty and pain. One physician affirms it to be " his solemn belief and opinion * * * that said Aron is now in a precarious and dangerous condition of health and that further incarceration is an absolute and immediate menace to

* Affd., 236 App. Div. 791.

his life." A second physician declares that the defendant "is in a precarious and most dangerous state of health and that further detention of him in jail constitutes a continuing menace to his life. He is today in practically constant danger of death." The plaintiff opposes the defendant's discharge upon two major grounds: *First*, that there is no sufficient showing that the defendant is unable to pay the judgment, and, *second*, that there is no authority for his release.

I am persuaded that the defendant is without means to satisfy the judgment. I am not willing to hold that the court has power to incarcerate a judgment debtor but no power to release him. Surely the authority vested in the court by sections 774 and 775 of the Judiciary Law in contempt cases indicates the policy of the law. In any event I am unwilling to strain at legal niceties when a human life is at stake. To continue the defendant's confinement would serve no good purpose. The law is not so vindictive. The motion for the defendant's release is granted.