In the Matter of the Application of JAMES SNYDER to Cancel and Vacate a Body Execution Issued by LEONARD TAMBOR by His Guardian SAM TAMBOR, and SAM TAMBOR.[*]

Supreme Court, New York County, December 12, 1934.

*Emanuel Schoenzeit*, for the motion.

*L. Steinfeld*, opposed.

COLLINS, J.   James Snyder, who has been confined to the county jail for the past three weeks, moves for his release on both technical and humane grounds.   His incarceration is by virtue of a body execution on a judgment for approximately $5,000 in an action for false imprisonment and malicious prosecution.   Snyder, a shoe clerk, had been held up.   He claims to have recognized Leonard Tambor, a sixteen-year-old schoolboy, as one of a group of bandits perpetrating the crime.   He accused Tambor.   The latter was arrested and kept in jail for several days.   The magistrate ordered him held for the action of the grand jury.   That body refused to indict.   Tambor was discharged.   The civil action by Tambor's guardian *ad litem* followed.   Not only was Snyder mistaken in his identification but he appears to have been stubborn and officious in his insistence that Tambor was the offender.   In supplementary proceedings both he and his wife were evasive.   Nevertheless, it does not seem that he harbored personal malice against the accused. He was adamant, perhaps inexcusably so, but his good faith is not

[*] Affd., 244 App. Div. 784.

impugned. Because he had been held up he was justifiably outraged. But he carried his feelings too far. For this there is a judgment against him, from which bankruptcy is no escape. (*Belsey* v. *Deveraux*, 150 Misc. 337; affd., *sub nom. Matter of Deveraux*, 242 App. Div. 603.) He has a wife and young child. It is not contended that he is able to pay the judgment. He is indisputably insolvent. His continued confinement will do no one good. It will avail young Tambor naught, save a brand of satisfaction which the law disfavors. The technical attack on the body execution is unfounded; the technical objections are rejected. But " to continue the defendant's confinement would serve no good purpose." (*Wintner* v. *Aron*, 145 Misc. 313; affd., 236 App. Div. 791.) The law is remedial, not vindictive. It does not seek to redress wrongs by committing wrong. Vengeance is harmful rather than helpful.

Satisfied that Snyder is without means to pay the judgment and that his continued imprisonment would serve no utilitarian end, the motion to release him from custody is granted. Settle order on one day's notice.