IRENE WALSH, Respondent, v. JOSEPH W. WALSH, Appellant.— In a matrimonial action the order punished the defendant for contempt in failing to make current payments and to pay arrears in alimony, fined him $1,482.50, the amount of the arrears, and provided that he may purge himself of contempt by posting a bond in the sum of $1,000 conditioned for the payment of future alimony. It was provided that on default he may be committed for contempt, and he was directed to pay to the plaintiff $100 counsel fee in fifty dollar installments. Order affirmed, with ten dollars costs and disbursements. The commitment of the defendant will be stayed for three months on the following conditions: The defendant shall pay to the plaintiff immediately on the entry of this order the sum of fifteen dollars, and the same sum on the same day of each week thereafter during the three months' period. The costs and disbursements of this appeal shall be paid within thirty days from the entry of the order, and the plaintiff's counsel fees shall be paid within forty-five days. If such payments be made as herein provided, then the defendant may at the end of three months move at Special Term for further suspension of the commitment order and for a modification of the amount of alimony directed to be paid under prior orders of the court. Failing to make such payments, the stay granted under the foregoing conditions will be vacated without notice on the filing of an affidavit in this court of such default. The defendant has failed to impress the courts to which applications have been made for reduction of alimony, and in resisting contempt proceedings, of the truth and sincerity of his claims in respect to his financial conditions and earnings. We are likewise in doubt concerning such representations on his part; but we give him the opportunity of demonstrating the sincerity of his purpose to provide for the support of his former wife and his children who are now in destitute circumstances.* The defendant is a physician, and we believe that his earnings are in excess of the amount claimed by him. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.

RICHARD I. N. WEINGART, Appellant, v. ALEXANDER J. WHYNMAN, Respondent. — Order granting defendant's motion to vacate an execution against his person and directing his release from imprisonment reversed on the facts, without costs, motion denied, without costs, execution reinstated, and the sheriff of Westchester county directed to rearrest and recommit the defendant to the jail of his county until he pay the judgment or be discharged according to law. There is no showing by the defendant in support of his application as to the total sums which he received by virtue of his misuse of his office and misappropriation thereof, nor as to his disposition of those moneys. Further, we are of opinion that, under the circumstances of this case, inability to pay is insufficient upon which to predicate a release based upon the discretion of the court under the provisions of section 775 of the Judiciary Law, even if that law be applicable, which we need not decide in this case. Young, Hagarty, Carswell and Davis, JJ., concur; Lazansky, P. J., concurs in result.

BURTON J. WILKE, Appellant, v. HOLDEN-LEONARD Co., INC., Respondent.— Order entered upon reargument, in so far as it denies the examination of defendant before trial, affirmed, with ten dollars costs and disbursements. On the present pleading plaintiff is not entitled to examine defendant as to item No. 3. The examination as to the other items may proceed on five days' notice. Appeal from order entered on the original motion dismissed. Lazansky, P. J., Young, Davis, Johnston and Adel, JJ., concur.