In the Matter of an Arbitration of and Concerning Certain Matters in Difference between SAMUEL TANNENBAUM, of the One Part, and MORRIS SADOFF, of the Other Part.

Supreme Court, Special Term, New York County, December 20, 1937.

*Leo Pollack*, for Samuel Tannenbaum.

*Edward Weinfeld*, for Morris Sadoff.

ROSENMAN, J. By chapter 279 of the Laws of 1936, section 764 of the Civil Practice Act was amended so as to require application to the court for leave to issue execution against the person. After careful consideration the court has come to the conclusion that it was not the purpose of the amendment to confer upon the court discretion to grant or refuse such leave, but rather to provide for a judicial check against the issuance of a body execution in cases other than those specifically authorized in section 764.

Previous to the enactment of the amendment the attorney for the judgment creditor could issue execution without application to the court, and it was, therefore, possible to issue such execution in cases where it was not authorized by the section, thus putting the burden on the judgment debtor to move to vacate the same after he had already been wrongfully imprisoned. It would seem that

the object of the amendment was merely to guard against the issuance of a body execution in cases other than those in which its issuance was specifically authorized by statute. The fact that the amendment expressly permits leave to be granted without notice to the judgment debtor tends to confirm this view. Had it been the legislative intention that the granting of leave to issue execution was to be discretionary with the court, it is difficult to believe that the Legislature would have authorized the granting of leave without notice to the judgment debtor and an opportunity for him to offer reasons for the exercise of the court's discretion in his favor.

The argument that the use of the word " may " in section 764 indicates that the court has the discretion to deny leave to issue a body execution, even in cases where a body execution is specifically authorized, overlooks (1) the fact that the word " may " is often used in the sense of " must," and (2) the fact that the word " may " is followed by the words " be issued * * * by a judge or justice of a court of record * * * *without notice* " (italics the court's), and may well have been intended to confer discretion only in respect to the granting of *ex parte* applications.

In the instant case the judgment exceeds $500, and, therefore, under the provisions of sections 120 and 122 of the Debtor and Creditor Law, the judgment debtor would not ordinarily be entitled to a discharge from imprisonment for at least three months. To deny the judgment creditor's application for leave to issue execution would in effect nullify the comprehensive provisions for the discharge of a judgment debtor contained in article 5 of the Debtor and Creditor Law. Had the Legislature intended to confer upon the court a discretion which might result in rendering nugatory the provisions of the Debtor and Creditor Law, it is reasonable to assume that it would have employed language more clearly evidencing such intent than that contained in the recent amendment to section 764 of the Civil Practice Act.

The basis of the decision dated September 28, 1937, was that the court had the same discretion with respect to the issuance of a body execution as the cases of *Winter* v. *Aron* (145 Misc. 313; affd., 236 App. Div. 791) and *Matter of Snyder* (155 Misc. 616; affd., 244 App. Div. 784) held it possesses with respect to release from imprisonment.

As the court has concluded that it possesses no discretion in regard to the issuance of execution, the motion for reargument is granted and on such reargument the motion for the issuance of a body execution is likewise granted. Settle order.