SAM KASS CORP., Plaintiff, *v.* SAM KASS, Defendant.

Municipal Court of New York, Borough of Manhattan, Second District, December 20, 1937.

*Rubin Cohen*, for the plaintiff.

*Irwin Isaacs*, for the defendant.

SHALLECK, J. The defendant was arrested on November 12, 1937, pursuant to a body execution issued in an action in conversion, wherein judgment was obtained against him in the sum of $780.85. Defendant was confined to the county jail of the county of New York for a period of three days. He then obtained a jail liberties bond, and was liberated from actual confinement therein.

It is well settled that a person who has been admitted to the jail liberties is deemed to be imprisoned. (Debtor and Creditor Law, §§ 100 and 120.) The defendant now seeks to be discharged from such imprisonment.

The plaintiff has submitted no affidavits in opposition to this application, and for the purpose of this motion I find that the defendant's statements contained in the moving affidavits are true. The plaintiff opposes this motion on the sole ground that this court has no jurisdiction to entertain the application.

The defendant is sixty-three years of age, and suffers with a heart condition, is rheumatic, has asthma, experiences a great deal of difficulty when breathing, and requires regular medical treatment once each week. The defendant lives in Brooklyn, and has

been treated by a Brooklyn physician for the past four years. His physician corroborates these facts and in addition states " that the defendant is now in a precarious and dangerous condition of health, and that the incarceration or further confinement of him in jail is an absolute and immediate menace to his life."

It is further alleged that defendant is impoverished, and that by reason of the limitations imposed upon him by the jail liberties bond, he fears visiting the office of his physician in Brooklyn, or returning to his home and wife in Brooklyn, inasmuch as plaintiff's attorney stated that he was having the defendant followed, and would have him taken into custody should he violate the terms of his jail liberties bond.

The basis for this application is *first*, that the defendant is in dire need of medical attention from his own physician, and *second*, that the defendant is without means to pay this judgment. Unquestionably, the defendant requires medical aid. Plaintiff contends that the defendant may visit a physician in New York county. The papers disclose, however, " that the defendant has no money to pay the judgment;" that " he is absolutely penniless and destitute;" that " he has no money in the bank, has no real or personal property." It is reasonable to assume that his treatments, prior to his imprisonment, were made by his physician, who does not demand immediate payment. If he now be released, he will be able to receive his necessary treatments under like conditions. All these circumstances convince me that the defendant has made out a case warranting the exercise of judicial aid, if this court possesses the power to grant it. (*Moore* v. *McMahon*, 20 Hun, 44; *Matter of Cooke*, 148 Misc. 768; *Matter of Lent*, 159 id. 411; *Matter of Shere*, 162 id. 788.)

The defendant relies upon the cases of *Wintner* v. *Aron* (145 Misc. 313; affd., without opinion, 236 App. Div. 791) and *Matter of Snyder* (155 Misc. 616; affd., without opinion, 244 App. Div. 784). The plaintiff contends that this court has no jurisdiction, and cites as authority therefor sections 51, 100 and 122 of the Debtor and Creditor Law.

Section 51 pertains to an " insolvent's discharge from *debts*," since it appears in article 3, and section 100 to an " insolvent's *exemption* from arrest and imprisonment," since it appears in article 4. Neither of these sections, therefore, has direct application to the case at bar. However, section 121 of the Debtor and Creditor Law, which appears in article 5, pertains to a " judgment debtor's *discharge* from imprisonment," and is pertinent. That section provides:

" § 121. To what court application to be made. Application for such discharge must be made by petition, *addressed to the Court from which the execution issued;* or to the County Court of the county in which he is imprisoned; or, if he is imprisoned in the City of New York, to the Supreme Court."

This section was derived from " The Fourteen Days Act " (2 R. S. 31, § 1) and later from section 2201 of the Code of Civil Procedure. (See Bishop on Insolvent Debtors [3d ed.], chap. VI.) It expressly confers jurisdiction on this court to grant the relief requested, inasmuch as the *execution against the defendant was issued out of this court.* Section 122 of article 5 prescribes the time when a petition may be presented, and section 123 provides that the application must be based upon a petition, and sets forth the matters to be contained therein, and further, that a schedule of judgment debtor's property must be annexed thereto.

While this application is based upon an affidavit, and not a petition, the strict adherence to the statute may properly be disregarded, and the affidavit deemed a petition (Civ. Prac. Act, § 7, subd. 3), since it contains the material matter required to be alleged in such petition. Although the defendant has failed to annex to the affidavit a schedule as required, it is apparent from the papers herein that a schedule could not be annexed for the reason that the defendant is without any property, real or personal, and is indisputably without any assets of any nature.

The plaintiff urges that under section 122 of the Debtor and Creditor Law, the defendant, not having been incarcerated for at least three months, and the amount of the judgment exceeding $500, the application is prematurely brought. Section 122 reads as follows:

" When petition may be presented. A person so imprisoned may apply for such a discharge, at any time; unless the sum, or where he is imprisoned by virtue of two or more executions, the aggregate of the sums, for which he is imprisoned, exceeds five hundred dollars; in which case, he cannot present such a petition, until he has been imprisoned, by virtue of the execution or executions, for at least three months."

If that contention be correct, then it appears that under the Debtor and Creditor Law, sections 121 and 122, *no court would possess jurisdiction* to release a judgment debtor prior to three months' imprisonment if the amount of the execution or executions exceed $500.

However, the learned opinions of Mr. Justice COLLINS in the cases of *Wintner* v. *Aron* and *Matter of Snyder* (*supra*) and the affirmance by the Appellate Division of the decisions therein

clearly show that the courts are "unwilling to strain at legal niceties when a human life is at stake." "The authority vested in the court by sections 774 and 775 of the Judiciary Law in contempt cases *indicates the policy of the law.*" (*Wintner* v. *Aron, supra*, p. 314.) As was said in *Townsend* v. *Morrell* (10 Wend. 577, 581) with regard to the earlier statute: "The leading object of the statute is to abolish imprisonment for debt, which is thought by many to be inconsistent with the humane spirit of the present age. * * * The liberation of the person of the debtor is the principal object; the punishment of the fraudulent debtor is only secondary." In *Matter of Andriot* (2 Daly, 28) the court declared that the statute "was designed as a remedial and humane statute, relieving from incarceration in prison the honest but unfortunate debtor who had no longer the means of satisfying his creditor." "The person committed may, in case of inability to perform the act required, or to endure the imprisonment, be discharged from imprisonment by the court or judge committing him, in the court in which the judgment was rendered, upon such terms as may be just."

The sections referred to by Mr. Justice Collins appear in article 19 of the Judiciary Law. The provisions of that chapter apply to all courts of record, and by section 13 of the Municipal Court Code are made specifically applicable to this court.

I am satisfied that the defendant is without means to pay the judgment, and to continue his confinement in the marshal's custody would serve no useful purpose and would seriously endanger his health.

Accordingly, this motion to release the defendant from the custody of the marshal is granted, with leave, however, to the plaintiff to renew his application for a body execution if the plaintiff can subsequently establish a change in the defendant's health and ability to pay the judgment.

Settle order on two days' notice.