ROBERT E. CONDON, Plaintiff, v. PAUL DERRINGER, Defendant.

Supreme Court, Special Term, New York County, June 9, 1939.

*Field & Field*, for the plaintiff.

*Louis Scadron*, for the defendant.

HAMMER, J. The action here, being for assault and battery, is one in which an execution against the person is allowable. (Civ. Prac. Act, §§ 504, 764, 826.) Exemplary damages were claimed in the complaint. The verdict in the amount of $8,000, for which judgment, with costs, had been entered, indicates serious injury or a malicious act amounting to an atrocious battery. The act occurred in Philadelphia, Pa. The action was brought and the judgment recovered in New York. Defendant is a resident of Ohio. Execution against defendant's property was issued and returned wholly unsatisfied in New York county, where the judgment was recovered and docketed. When in New York defendant sojourns at a hotel in New York county. It is asserted and not denied that defendant has made assignments of his expected

income.  It is personal experience and no doubt common knowledge that athletes generally and professional athletes in particular are as a rule law abiding and away from their particular sports activity and in private life unusually so, not only through personal inclination and the cleanliness which is expected to arise from athletic activity and good sportsmanship, but also as a matter of good policy in public and non-athletic relations, and popular support.  As in every class, there are exceptions by the activities of whom unfortunately and of the ensuing unfavorable publicity others suffer. Whether that is the situation here it is unnecessary to determine. A jury by its verdict and the court by its judgment have decided the question and although an appeal has been taken no bond or undertaking for the payment of the judgment, if affirmed, has been given. The circumstances being as stated warrant the plaintiff in seeking execution against the person.  (*Gelles* v. *Rosenbaum*, 141 Misc. 588.)  The fact that defendant is a professional ball player in a major league attached to a team in another State and that his services are important at home and traveling and of interest to the baseball public, is no reason to deprive plaintiff of a remedy to coerce payment to which he appears entitled.  The situation emphasizes the desirability for all athletes to follow the example of the great majority of their highly respected and decent living colleagues whose interests are jeopardized by any breach of the peace or unlawful or untoward act.  An assaultive athlete through the very physical condition which enables him to gain place in competition is a potential menace to law abiding persons.  With the wisdom of plaintiff's methods of procedure and that he may thereby waive while so proceeding his right to take action against any property, we are not concerned.  (Civ. Prac. Act, §§ 768 *et seq.;* Civil Rights Law, § 72; *Flack* v. *State*, 95 N. Y. 461; *Koenig* v. *Steckel*, 58 id. 475; *Hurlbutt* v. *Reid*, 190 App. Div. 176; *Savage* v. *Sully*, 168 id. 131; *McGuinty* v. *Herrick*, 5 Wend. 240.)  As he is entitled to the body execution sought and a denial thereof for any convenience of defendant or others with whom he is associated would be an abuse of discretion, the application is granted.  Settle order.