DOROTHY M. WHITE, Appellant, *v.* JOHN DENNY, Respondent.

First Department, December 1, 1939.

*Albert A. Raphael* of counsel [*Sidney Freiberg* with him on the brief; *Gallert, Hilborn & Raphael*, attorneys], for the appellant.

*Alfred L. Becker*, for the respondent.

COHN, J.   On April 4, 1939, after a trial before the court without a jury, a judgment was entered in favor of appellant and against respondent in the sum of $6,851.19 for respondent's conversions of personal property belonging to appellant.   An execution thereafter issued against the property of respondent was returned unsatisfied.   Pursuant to section 764 of the Civil Practice Act a motion was then made by appellant for the issuance of an execution against the person of respondent.   The motion was denied without prejudice to a renewal thereof upon completion of supplementary proceedings which were then pending.   No appeal was taken from the order entered thereon.   Subsequently the examination of respondent in supplementary proceedings was closed and the minutes were signed by respondent and duly sworn to before a justice of the court.

Appellant again moved at the Special Term for the issuance of a body execution.   The court denied the motion on the ground that no formal order had been entered terminating the supplementary proceedings, as provided in section 802 of the Civil Practice Act. This appeal is from the order denying that motion.

While the justice who heard the renewal of the motion for an execution against the person deemed that he was precluded by the prior determination of the Special Term which had denied appellant's application without prejudice, this court is not bound by such earlier decision of the Special Term.   (*Walker* v. *Gerli*, 257 App. Div. 249.)

Respondent having been adjudged guilty of conversions of funds belonging to appellant after a trial grounded on a complaint which specifically alleged the unlawful takings, upon application to the court or a justice thereof appellant was entitled as of right to the issuance of an execution against the person of respondent after the execution against the judgment debtor's property had been returned unsatisfied. (Civ. Prac. Act, §§ 764, 826, subd. 3.)   It has long been the law that an execution may issue as of right against the person upon a judgment obtained in an action where the judgment was enforcible by execution and where there was a right to arrest depending exclusively upon the nature of the action.   (5 Carmody's New York Practice [2d ed.], § 1684, p. 3882; *Wood* v. *Henry*,

40 N. Y. 124; *Sherman* v. *Grinnell,* 159 id. 50, 57; *Steamship Richmond Hill Co.* v. *Seager,* 31 App. Div. 288, 292; appeal dismissed, 159 N. Y. 574; *Moffatt* v. *Fulton,* 132 id. 507; *Bacon* v. *Grossmann,* 90 App. Div. 204.) Section 826 of the Civil Practice Act sets forth the cases where the right to an order of arrest depends upon the nature of the action; these include certain tort actions and other specified actions predicated upon some ground of wrongdoing.

It is the contention of respondent that the recent amendment to section 764 of the Civil Practice Act (Laws of 1936, chap. 279) conferred upon the court discretion to issue a body execution where theretofore such remedy, in a proper case, existed as a matter of right:

Section 764, as amended, reads:

" Where a judgment can be enforced by execution, as prescribed by section five hundred and four of this act, an execution against the person of the judgment debtor may be issued thereupon, *to the sheriff of any county where the judgment debtor may be found,* subject to the exception specified in the next section, *by a judge or justice of a court of record only, without notice; or with such notice as the court or the judge or justice thereof may direct, setting forth in detail the right of the party to the execution, the amount of the judgment, the amount unpaid, the time when and place where the execution against his personal property has been returned wholly or partially unsatisfied, and such other matters as the judge, justice or court issuing the same may require,* in either of the following cases:

" 1. Where the plaintiff's right to arrest the defendant depends upon the nature of the action.

" 2. In any other case, where an order of arrest has been granted and executed in the action, and, if it was executed against the judgment debtor, where it has not been vacated."

The italicized portion is new and constitutes the basis of respondent's claim.

We are of the opinion that the Legislature, in amending section 764, did not alter the right of a judgment creditor to an execution against the person, but that it merely modified the procedure for obtaining it. Before the enactment of the 1936 amendment the attorney for the judgment creditor, if execution against the property were returned unsatisfied, could issue execution without application to the court. This method of enforcing judgments apparently became the subject of abuse; sheriffs were burdened with orders of arrest later shown to be invalid and thus were subjected to suits for false imprisonment. (See memorandum submitted to the Governor relating to proposed legislation amending section 764 of the Civil Practice Act, Senate Print No. 1146; Assembly Print No. 2246,

Introductory No. 1022, Year 1936.) The amendment now places the issuance of the process in the court, where it may be ordered upon affidavits with or without notice, as the court or a justice thereof may direct. Issuance of a body execution by a judgment creditor's attorney is thus abolished, and there is now a determination in advance by the court as to whether there is legal authority for the process to issue. Manifestly the object of the amendment was to guard against the issuance of a body execution in cases not specifically authorized by law. (*Matter of Tannenbaum-Sadoff*, 165 Misc. 720.)

Our attention has been called to numerous decisions in the lower courts which are at variance with this view. (*Condon* v. *Derringer*, 171 Misc. 381; *Morgan* v. *Cohen*, 168 id. 251; *Williams* v. *Smith*, 171 id. 501.) In these it is reasoned that since the amendment of 1936 imposed upon the court the duty of first inquiring into the circumstances under which the judgment was obtained, discretionary power was thus conferred to decide whether a body execution should issue. We think that if it were the legislative purpose to confer such a discretion upon the court, the language employed in the statute would undoubtedly have evinced such an intent.

In support of his argument that the court as a matter of discretion may refuse to issue a body execution, respondent has called attention to a number of cases in which a debtor imprisoned under an execution was thereafter released from incarceration in prison by order of the court. (*Wintner* v. *Aron*, 145 Misc. 313; affd., 236 App. Div. 791; *Matter of Snyder* [*Tambor*], 155 Misc. 616; affd., 244 App. Div. 784.) However, these authorities merely hold that under the provisions of article 5 of the Debtor and Creditor Law, when the circumstances warrant it, the court has the discretionary power to release from confinement a debtor duly imprisoned.

The case of *Frank* v. *Tuthill* (241 App. Div. 720), to which respondent also refers, is not in point. There this court decided that an order of arrest before judgment in a personal injury case rests in the sound discretion of the court. This is not contrary to anything we have said here; it has long been the law that the granting of an order of arrest in advance of judgment in those cases where such relief is permitted by statute, is discretionary with the court. (Civ. Prac. Act, § 827; *Levy* v. *Bernhard*, 2 App. Div. 336; *Reiss* v. *Levy*, 165 id. 1.)

We also conclude that the pendency of supplementary proceedings here did not affect appellant's right to a body execution. No such limitation appears in the statute nor has any case been cited or found which sustains respondent's claim that the right to a body execution is suspended because supplementary proceedings are pending against him on the same judgment.

For all of the foregoing reasons the order should be reversed, with twenty dollars costs and disbursements, and the motion granted.

MARTIN, P. J., TOWNLEY, UNTERMYER and CALLAHAN, JJ., concur.

Order unanimously reversed, with twenty dollars costs and disbursements, and motion granted. Settle order on notice.