SARA SIEGEL, Plaintiff, *v.* AARON TOBIAS, Defendant.

City Court of New York, Special Term, Bronx County, April 22, 1940.

*Bernard Breitbart,* for the plaintiff.

*Irving J. Berman,* for the defendant.

DONNELLY, J.   This action was commenced by plaintiff to recover of defendant the sum of $1,500 allegedly obtained from plaintiff by the false and fraudulent representations made to her by defendant, in substance, that he was the owner and holder of a lease of certain premises and as such had the sole and exclusive rights to the use of the check room and certain catering rights in said premises.   As the result of these representations, the parties entered into an agreement whereby the plaintiff for the period named therein, was to have the sole and exclusive right of doing all checking of hats and coats of all persons attending all wedding ceremonies and other social functions; in consideration therefor, plaintiff, upon the making of said agreement, paid to defendant and defendant received and accepted from plaintiff, the sum of $1,500.   Issue was joined by the service of defendant's answer.   Thereafter and on May 3, 1938, the action came on for trial before me and a jury.   After plaintiff testified, and a witness who by consent was called out of turn had testified on behalf of defendant, the parties entered into a stipulation in open court during trial, whereby the action was settled upon certain terms which may be summarized thus: the payment to plaintiff by defendant of the sum of $1,000 in certain stated installments at the times set forth.   It was provided that if there be a default five days beyond the month that each of the payments was due, judgment may be entered for the amount demanded in the complaint with interest, giving due credit for any payment on account, together with the sum of $86 which plaintiff conceded she had received.   The stipulation also contains this provision: " The

failure to include in the aforesaid stipulation a provision that in the event that it becomes necessary to enter a judgment in this action a body execution issue, is not to be taken by any of the parties to this stipulation as any waiver by the plaintiff of her right to such execution in the event that such execution is found to be necessary to be issued and if she is entitled to same."

The defendant defaulted in making the payment of $200 which became due during the month of December, 1938. Thereafter, on motion duly made and granted, judgment in favor of plaintiff and against defendant was entered January 25, 1939, in the sum of $1,131.22. A transcript of said judgment was filed, entered and docketed in the office of the clerk of the county of Bronx, January 26, 1939; on the same day an execution against the property of the defendant was duly issued to the sheriff of the county of Bronx. Pursuant to said execution the sheriff sold certain personal property belonging to defendant, which realized the sum of $151; after deducting the expenses of such sale and the sheriff's fees, there was applied on account of the judgment the sum of $133.90; said execution was duly returned unsatisfied on February 16, 1939, to the extent of $1,001.64, and the said judgment remains unpaid to that extent.

Two points are raised by defendant in opposition to the pending motion by plaintiff for the issuance of a body execution against him: (1) That plaintiff is not entitled to a body execution because this judgment was not rendered after trial; and (2) that the plaintiff has lost the right to a body execution because of laches.

Defendant's contention that a body execution may not issue until there has been a determination of the issue of fraud by trial, is untenable. A judgment is the determination of the rights of the parties in an action, and may be either interlocutory or final. (Civ. Prac. Act, § 472.) At bar, by the terms of the stipulation, no further litigation was necessary to make the judgment entered a final determination. By stipulating to the entry of the judgment against him in the event of his failure to comply with the terms of the stipulation, the defendant consented to the final determination and adjudication of his rights and those of the plaintiff in the action. In *Steinbock* v. *Evans* (122 N. Y. 551, 557) it was held: " Notwithstanding section 549 of the Code of Civil Procedure [Civ. Prac. Act, § 826], a defendant may consent in writing to the entry of a judgment against him which will authorize an execution against his person." In *White* v. *Denny* (258 App. Div. 144) Justice COHN, writing for a unanimous court, said: " It has long been the law that an execution may issue as of right against the person upon a judgment obtained in an action where the judgment was enforcible

by execution and where there was a right to arrest depending exclusively upon the nature of the action." And, in the case just cited, it was held that chapter 279 of the Laws of 1936, amending section 764 of the Civil Practice Act so as to provide for the issuance of a body execution by a judge or a justice of a court of record only, without notice or with such notice as the court or the judge or justice thereof may direct, did not vest in such judge or justice discretion to grant or to deny an application for the issuance of the execution, but merely modified the procedure in obtaining it. It seems, therefore, to have been definitely determined that the essential by which the issuance of an execution against the person in a civil action is to be tested is the nature of the action. If the action is one of those enumerated in section 826 of the Civil Practice Act in which an order of arrest may be granted, the plaintiff who obtains a judgment against the defendant in such an action is entitled as of right to an execution against his person upon the return of an execution against his property issued after the entry of the judgment, wholly or partly unsatisfied.

Defendant's contention that plaintiff has lost her right to a body execution because of laches, is based upon section 846 of the Civil Practice Act, which is derived from section 572 of the Code of Civil Procedure. This section applies only to those cases in which an order of arrest had been obtained and the defendant arrested thereunder and incarcerated. (*People ex rel. Harris* v. *Gill*, 85 App. Div. 192, 194; affd., 176 N. Y. 606; *Weinus* v. *Light*, 183 App. Div. 591, 594; *Andrews* v. *Gardiner*, 185 id. 477, 481, 482.) In *People ex rel. Harris* v. *Gill* (*supra*) it was said: " Section 572 of the Code of Civil Procedure relates to cases in which an order of arrest had been issued, and it is only where such order of arrest has been granted and the judgment debtor is still in custody under that process or has given an undertaking to respond to any execution against his person, that execution must be issued within three months from the rendition of judgment, and within ten days after the return of an execution against the property."

At bar, no order of arrest was obtained. The defendant has not been imprisoned under any process issued in this action.

Motion granted. Submit order.