JEROME MEADOW, Plaintiff, v. JOSEPH BARTH, Defendant.
Supreme Court, Special Term, Kings County, August 6, 1943.

*James D. C. Murray* for defendant.

*Leonard M. Henkin* for plaintiff.

UGHETTA, J. The defendant was taken into custody on February 6, 1943, pursuant to a civil order of arrest, and on June 22, 1943, his imprisonment was continued by virtue of an execution issued against his person. In all, defendant has been imprisoned for a period in excess of twenty-four weeks and out of that period he has been confined for six weeks upon the body execution. On this motion defendant seeks an order releasing him from jail.

The action was one brought for assault and battery, and plaintiff obtained a judgment by directed verdict in the sum of $1,250 upon consent of the defendant. At the time of the commission of the alleged assault, defendant was a student at George Washington University, District of Columbia, and it is quite apparent that at no time has he had the opportunity to accumulate sufficient moneys to satisfy plaintiff's judgment. It also appears that the defendant is destitute, that his confinement has affected his health, and that continued confinement may aggravate his condition. In support of his application defendant alleges also that he was a member of the Naval Reserve at the time of his commitment, and in any event he is subject to induction and considers it his right to serve in the armed forces of the United States, which his present confinement forbids.

In opposition to the present application, plaintiff relies upon section 122 of the Debtor and Creditor Law, which provides

that an application may be made at any time "unless the sum, or * * * the sums, for which he is imprisoned, exceeds five hundred dollars; in which case, he cannot present such a petition, until he has been imprisoned, by virtue of the execution or executions, for at least three months." Of course the three months' period which is applicable here has not expired, inasmuch as it did not commence to run on February 6, 1943, but rather on June 22, 1943, the date of the defendant's imprisonment under the execution against his person. (*Dusart* v. *Delacroix,* 1 Abb. Pr. N. S. 409, note.)

On humanitarian principles alone it is obvious that the continued incarceration of the defendant cannot be of any possible benefit to anyone. As a matter of fact, both the plaintiff indirectly and the community generally will be benefited by the release of the defendant, for he then would be in a position to realize his expressed wish to be inducted into the armed forces of our country.

The court is of the opinion that the recent case of *Matter of Snyder* (155 Misc. 616, affd. 244 App. Div. 784) is directly in point upon the questions presented here, and further that the language of the court in that case is particularly pertinent. There the court said at page 617: "It is not contended that he is able to pay the judgment. He is indisputably insolvent. His continued confinement will do no one good. It will avail young Tambor naught, save a brand of satisfaction which the law disfavors. * * * But 'to continue the defendant's confinement would serve no good purpose' (*Wintner* v. *Aron,* 145 Misc. 313, affd. 236 App. Div. 791). The law is remedial, not vindictive. It does not seek to redress wrongs by committing wrong. Vengeance is harmful rather than helpful. Satisfied that Snyder is without means to pay the judgment and that his continued imprisonment would serve no utilitarian end, the motion to release him from custody is granted."

Plaintiff urges that the case of *Weingart* v. *Whynman* (247 App. Div. 814) is *contra* to the above holding, but the court is of the opinion that the latter case is distinguishable from the one at bar for the reason that there the court based its decision upon the fact that the defendant made no showing as to the total sums he received by virtue of the misuse of his office and misappropriations therein nor as to his disposition of those moneys. In the present case no such situation obtains and defendant has definitely established that he is wholly without funds.

The motion for defendant's release is therefore granted.