LESTER K. FRANKLIN, Doing Business as L. K. FRANKLIN, Plaintiff v. MICHAEL MUCKLEY, Defendant.

City Court of the City of New York, Special Term, New York County, March 28, 1947.

*Lawrence D. Unger* for plaintiff.

*Jesse Gruber* for defendant.

BYRNES, C. J. It appears that an action was instituted in this case by the plaintiff-judgment-creditor against the defendant-judgment-debtor. I assume for the purpose of deciding this motion, that the complaint stated a cause of action under which an order of arrest could properly issue (it appears that an order of arrest was in fact issued and executed during the pendency of the action) and that if a judgment had been entered

upon such complaint the plaintiff-judgment-creditor might have procured an execution against the person of the defendant-judgment-debtor.

However, during the pendency of the action a confession of judgment was executed by the defendant and judgment was entered upon the basis of and pursuant to such confession. This judgment superseded the complaint and all prior proceedings in the case. It may not be considered as a judgment taken in the action; it is not the same as a judgment entered upon the complaint after trial or after inquest.

The judgment by confession may not be related to the complaint which had been served upon the defendant, and it may not be considered as a step taken in the action which had been theretofore begun against the defendant.

The original action was in effect abandoned and the judgment entered by confession is independent of such action.

The judgment entered by confession was based upon the following statement:

"This Confession of Judgment is for a debt justly due to the plaintiff arising upon the following facts: '

"During the month of September, 1944, while the plaintiff visited New York City, he gave me $6,000. for the purpose of obtaining for him 200 phonographs at $30.00 each. Thereafter I was able to purchase 100 phonographs for $3,000. which I shipped to the plaintiff. I attempted to purchase an additional 100 phonographs for the plaintiff but was unable to do so. Demand for the return of the money was made by the plaintiff of me, but I was unable to return the said $3,000. Instead of returning the $3,000. to the plaintiff, I thereafter used the funds belonging to the plaintiff for myself.

"$305.00 is due me for commission from the plaintiff and there is, therefore, a balance due to the plaintiff in the sum of $2,695. with interest from January 2, 1945."

Sections 540 to 545 of the Civil Practice Act, relating to the entry of judgment by confession, do not provide for anything other than a confession of judgment for "* * * money due or to become due, or to secure a person against contingent liability in behalf of the defendant * * *." (§ 540.) Neither in section 541 nor anywhere else is there provision for confession of the commission of a tort or of any wrongful act.

The above-quoted statement confessing judgment is, to the extent that it shows the commission of a tort by defendant, mere surplusage, adding nothing to the effect of the judgment. A judgment entered by confession under sections 540

to 545 of the Civil Practice Act is no more than a judgment for a simple debt and an execution against the person of the defendant-judgment-debtor may not be based upon it. The rule that confession of a judgment for a tort is not authorized is ancient and well established. (*Burkham* v. *Van Saun*, 14 Abb. Prac. [N. S.] 163; *Boutel* v. *Owens*, 2 Sandf. 655; 5 Carmody on New York Pleading and Practice, p. 3660, n. 90.)

Accordingly, this application for the issuance of an execution against the person of the judgment debtor must be denied notwithstanding the fact that the judgment debtor has defaulted, not having appeared to oppose the application. The court is without authority to allow the issuance of an execution against the person of the judgment debtor in this case.

Order signed.