On December 7, 1936, appellants recovered a judgment against one Ladner for over $13,000 in a negligence action. Under the statute then in force, appellants were entitled to an execution issued by the court against the person of the judgment debtor as of right. (L. 1936, ch. 279; White v. Benny, 258 App. Div. 144.) On December 27, 1937, execution against the "person of the judgment debtor was duly issued by the court. By chapter 552 of the Laws of 1940, old section 764 of the Civil Practice Act was repealed and a new section added, under the provisions of which execution against the person is discretionary with the court. About July 1, 1949, appellants delivered the 1937 body execution to the Sheriff for execution. The Sheriff refused to execute the process on two grounds: (1) that new section 764 of the Civil Practice Act was a procedural change and, therefore, applied to judgments theretofore obtained, so that a new body execution was required to be issued not as of right but in the discretion of the court; (2) laches. Thereupon appellants applied for an order directing the Sheriff to execute the process. Special Term denied the application, without prejudice to a new application under present section 764 of the Civil Practice Act. Resettled order reversed op the law, without costs, and the application *1130 granted, without costs. The issuance of the execution on December 27, 1937, as of right was an “act done” prior to the repeal of old section 764 of the Civil Practice Act, which may not be affected or impaired, but may be enforced as fully and to the same extent as if the repeal had not been effected. (General Construction Law, § 93; Cameron v. New York & Mt. Vernon Water Co., 133 N. Y. 336.) The question of laches in enforcing the process may not be raised by the Sheriff. Johnston, Acting P. J., Wenzel and MacCrate, JJ., concur; Adel and Sneed, JJ., dissent and vote to affirm, with the following memorandum: Section 764 of the Civil Practice Act pertains to remedy or procedure and all amendments of such a statute are retroactive. (Kugel v. Telsey, 250 App. Div. 638, 639, and eases there cited.) The court’s direction in 1937 that a body execution issue was not an “ act done ” or a “ right * * * accrued ” within the intent of section 93 of the General Construction Law. (Matter of Ludlow St., 59 App. Div. 180, 183, affd. 172 N. Y. 542.) [See 278 App. Div. 768.]