GEORGE W. GRANVILLE, Plaintiff, *v.* LEOPOLD GRATZER, Defendant.

Supreme Court, Special Term, New York County, June 15, 1951.

*Winick, Hoffman & Grumet* for defendant.

*Miller, Thierman & Krouse* for plaintiff.

BENVENGA, J. This is a motion to vacate and set aside an execution against the person of the defendant.

In February, 1950, defendant obtained from plaintiff, by means of false representations, the sum of $8,000. When pressed for payment, defendant voluntarily signed a confession of judgment, in which, after admitting the false representations and all the other essential elements of an action for fraud and deceit, defendant stated: "On the facts as above set forth, I am indebted to the plaintiff in the sum of $8,000., because of a civil fraud, and he is entitled to a body execution. In connection with this confession of judgment, I have this day settled this matter with (plaintiff) by delivering to him a series of promissory notes in the total sum of $8,000, which (plaintiff) has accepted to settle any and all claims against me."

At the time the confession of judgment was executed, defendant was represented by an attorney who collaborated in the dictation of the document and who warned defendant that, if he failed to make payments, judgment would be entered and he would be liable to arrest. Defendant having paid the first note and defaulted in the payment of the others, judgment was entered against him in the sum of $6,023.75, the balance due.

After execution against the property of defendant was returned unsatisfied, plaintiff obtained an ex parte order which defendant seeks to have vacated and set aside.

1. Concededly, a judgment by confession may be entered, without action, either for money due or to become due, or to secure a person against a contingent liability in behalf of the defendant (Civ. Prac. Act, § 540), and a judgment so entered has the same force and effect as a judgment rendered in an action actually instituted (Civ. Prac. Act, § 543; 5 Carmody on New York Practice, § 1558). Indeed, a confession of judgment is as valid between the parties as a judgment rendered in an action; it cannot be vacated and set aside except at the instance of creditors of the defendant (*Neusbaum* v. *Keim,* 24 N. Y. 325, 327–328; *Teel* v. *Yost,* 128 N. Y. 387, 402), since the intent of the statute is to protect such creditors from judgments fraudulently confessed by insolvent defendants (*Chappel* v. *Chappel,* 12 N. Y. 215, 219, 222; *Magalhaes* v. *Magalhaes,* 254 App. Div. 880).

Defendant contends, however, that as a judgment by confession cannot be entered, without action, for a tort (see *Franklin* v. *Muckley,* 189 Misc. 155, 157, and cases cited), the statement in the confession of judgment admitting the commission of a tort must be regarded as mere surplusage and the judgment entered as a judgment for a simple debt, for which a body execution may not issue (see, also, *Siegel* v. *Tobias,* 173 Misc. 868, 870).

2. It is to be observed that the confession of judgment in the case at bar not only recognizes the justice of the indebtedness, but admits that the claim arose out of a civil fraud for which plaintiff has a good cause of action, and stipulates that plaintiff is entitled to a body execution. Obviously, the stipulation was made to obviate the necessity and expense of bringing an action for fraud and deceit and prosecuting it to judgment. It amounted to a waiver of all proceedings in any proposed action (see *Pierson* v. *People,* 79 N. Y. 424, 427). Moreover, as a defendant may, during the pendency of an action for fraud and deceit, " consent in writing to the entry of judgment against him which will authorize an execution against his person " (*Steinbock* v. *Evans,* 122 N. Y. 551, 557; *Siegel* v. *Tobias,* 173 Misc. 868, 869, *supra*), it is difficult to perceive why, in principle, he may not, before action brought, admit that plaintiff has a good cause of action for fraud and deceit and stipulate that plaintiff may, under certain circumstances, enter judgment in the amount of the indebtedness and apply for and obtain a body

execution. It is also difficult to perceive why a defendant should not be estopped, under such circumstances, from repudiating a stipulation in a confession of judgment so solemnly made when plaintiff seeks to enforce the judgment entered thereon. Whether, in the exercise of discretion, the court should, in a proper case, relieve a defendant from the consequences of his stipulation, is a question that is not here presented.

3. Defendant bases his motion upon *Franklin* v. *Muckley* (189 Misc. 155, *supra*). In that case, defendant, during the pendency of an action in tort, executed a so-called " confession of judgment " and judgment was entered thereon. In denying an application for the issuance of a body execution, the court held that, to the extent that the confession of judgment admitted the commission of a tort, it was mere surplusage, and that the judgment entered thereon must be regarded as a judgment for a simple debt, for which a body execution may not issue.

The decision in the *Franklin* case is irreconcilable with the rulings in the *Steinbock* and *Siegel* cases (*supra*) which decisions, apparently, were not called to the attention of the court. The judgments involved in all of these cases were judgments by consent. Such a judgment is distinguishable from a judgment by confession in that, in the former case, the document is executed during the pendency of the action; while, in the latter case, the instrument is executed before action brought (*People ex rel. Norwich Pharmacal Co.* v. *Porter*, 228 App. Div. 54, 56; 49 C.J.S., Judgments, §§ 134, 173; Civ. Prac. Act, § 540). It may be that, under the circumstances in the *Franklin* case, the court would have been justified, in the exercise of discretion, in denying the application for a body execution. That is not the question here. In any event, the ruling in the *Franklin* case is not, under the circumstances, entitled to the force and effect of a precedent.

Accordingly, the motion is in all respects denied.